therunder, and applicable state laws so that Litchfield Financial would conduct business with the Buyers Source Defendants and maintain business relations. The Buyers Source Defendants went to great lengths to conceal their unlawful actions from Litchfield.

60. As a consequence of the Buyers Source Defendants' fraudulent misrepresentations, Litchfield Financial suffered pecuniary damages and reputational harm.

## COUNT III

### NEGLIGENT MISREPRESENTATION
(Buyers Source Defendants and Counsel Defendants)

61. Litchfield Financial incorporates the allegations set forth in Paragraphs 1 through 60 above.

62. In the course of conducting business with Litchfield, the Buyers Source Defendants and the Counsel Defendants negligently supplied false information to Litchfield Financial about the lawfulness of the actions taken by the Buyers Source entities' and employees' business practices.

63. The Buyers Source Defendants and the Counsel Defendants knew or had reason to know that the false information they provided to Litchfield Financial and to customers of the Buyers Source entities would be relied upon by Litchfield Financial for guidance in making decisions to enter into and maintain business transactions with the Buyers Source Defendants and with Buyers Source Defendants' clients and customers.

20

64. The false information provided to Litchfield Financial and to customers of the Buyers Source entities about the legality of the actions taken by the Buyers Source entities and employees has caused pecuniary loss and reputational harm to Litchfield Financial and to customers of the Buyers Source entities.

65. Litchfield Financial justifiably replied upon the false information provided by the Defendants at the time the information was provided.

66. The Buyers Source Defendants and the Counsel Defendants failed to exercise reasonable care or competence in obtaining or communicating the false information to Litchfield.

## COUNT IV

### FRAUD IN THE INDUCEMENT
(Buyers Source Defendants)

67. Litchfield Financial incorporates the allegations set forth in Paragraphs 1 through 66 above.

68. The Buyers Source Defendants knowingly and intentionally made material misrepresentations to Litchfield Financial in order to induce Litchfield Financial to finance the Buyer Source entities' projects and activities in Florida, Ohio, and South Carolina. The Buyers Source Defendants also made material misrepresentations to Litchfield Financial regarding the financial condition of certain guarantors of those projects and the qualifications and legality of the sales practices employed by certain sales personnel including Lannie Campbell and Henry Montgomery.

69. The Buyers Source Defendants made knowingly and intentionally material misrepresentations to Litchfield Financial in order to induce Litchfield Financial to enter into the Purchase Facility Agreements (and all associated agreements) and the Revolving Credit Agreements (and all associated agreements). Unbeknownst to Litchfield, the Buyers Source Defendants continued to make material misrepresentations to Litchfield Financial after the execution of these agreements in order to receive further funding from Litchfield Financial for their fraudulent schemes and so that Frederick Blake, Betty Brewer, Thomas Brewer, Lannie Campbell, Henry Montgomery and Ronald P. Ferguson could become unjustly enriched.

70. Litchfield Financial reasonably relied on the false statements and representations made by the Buyer Source Defendants in both entering into the Purchase Facility Agreements (and all associated agreements) and the Revolving Credit Agreements (and all associated agreements) and in continuing to operate under the terms and conditions of those agreements.

71. Litchfield's reasonable reliance on the false and deceitful statements made by the Buyers Source Defendants has caused financial losses and reputational harm to Litchfield.

## COUNT V

**UNJUST ENRICHMENT**
(Buyers Source Defendants)

72. Litchfield Financial incorporates and realleges the allegations set forth in Paragraphs 1 through 71 above.

73. Without Litchfield's knowledge, the Buyers Source Defendants violated the Land Sales Act and defrauded purchasers of land in Ohio, Florida, and South Carolina for whom Litchfield Financial acted as lender. Customers of the Buyers Source entities have suffered financial harm.

74. Litchfield Financial has been forced to make financial settlements with customers of the Buyers Source entities for the wrongs committed solely by the Buyers Source Defendants.

75. The Buyers Source Defendants' wrongful conduct was motivated by monetary gain.

76. The Buyers Source Defendants were unjustly enriched by and through their business relationship with Litchfield, even in such instances when the relationship was indirect.

77. Litchfield Financial should be afforded the equitable remedy of financial restitution. Any and all profit made by the Buyers Source Defendants based on their business dealings with Litchfield Financial should be returned to Litchfield Financial – including (1) the sum total of all money spent by Litchfield Financial to make the

customers of the Buyers Source entities whole; (2) the unpaid amount of all money lent to the Buyers Source Defendants; and, (3) the outstanding balances on all loans executed by the customers of the Buyers Source entities.

## COUNT VI

### LEGAL MALPRACTICE
(Counsel Defendants)

78. Litchfield Financial incorporates the allegations set forth in Paragraphs 1 through 77 above.

79. The Counsel Defendants delivered faulty legal opinions to Litchfield Financial concerning Litchfield's transactions with BSVG, BSS, and BSSL. Litchfield Financial reasonably relied upon those legal opinions in entering into transactions with BSVG, BSS, and BSSL.

80. The faulty legal opinions constituted legal malpractice and the Counsel Defendants are liable to Litchfield Financial for all direct and indirect harms resulting therefrom.

## PRAYER FOR RELIEF

WHEREFORE, Litchfield Financial prays that, upon final adjudication of the merits, the Court will:

A. Order full and complete restitution to Litchfield Financial by Defendants in the amount of all monies spent to pay damages or to compensate customers of the Buyers Source entities, an amount in excess of $5,000,000.

B. Order full repayment to Litchfield Financial of all money lent to the Buyers Source Defendants under the breached Agreements.

C. Order full payment to Litchfield Financial by the Buyers Source Defendants of the sum total amount of the outstanding balances on all unpaid loans executed agreements between Litchfield Financial and the Buyers Source entities.

D. Order Defendants to pay for all attorneys' fees as provided in the agreements that are the subject of this suit and costs associated with this lawsuit.

E. Order Defendants to pay for all damages incurred by Litchfield.

F. Order such other legal and equitable relief as appropriate.

Dated: April ___, 2004

Respectfully submitted,
Counsel for Plaintiffs

LITCHFIELD FINANCIAL COMPANY
TEXTRON FINANCIAL CORPORATION
AND LAND FINANCE COMPANY

By _____
Jeffrey L. McCormick, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No. 329740

25