IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| **Litchfield Financial Corporation** ) | Civil Action No. 04CV30076KPN |
| **Textron Financial Corporation** ) | |
| **Land Finance Company** ) | |
| ) | |
| *Plaintiffs* ) | |
| v. ) | **ANSWER OF DEFENDANT** |
| ) | **THOMAS H. BREWER** |
| **Buyers Source Real Estate Group, et al** ) | |
| ) | |
| *Defendants* ) | |

Now comes defendant Thomas H. Brewer for his answer and states the following:

**FIRST DEFENSE**

1. For his answer to paragraph 1, Defendant Thomas H. Brewer (hereinafter "Answering Defendant") is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

2. In answer to paragraph 2, Answering Defendant denies the allegations in paragraph 2 of the complaint.

3. In answer to paragraph 3 through paragraph 6, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

4. Answering Defendant denies the allegations contained in paragraph 7 of the complaint.

5. Answering Defendant admits the allegations in paragraph 8 of the complaint.

1

6. In answer to paragraph 9, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

7. Answering Defendant admits the allegations in paragraph 10 of the complaint.

8. Answering Defendant admits that he is a resident of Virginia, but denies the remaining allegations of paragraph 11 of Plaintiff's complaint.

9. Answering Defendant denies the allegations of paragraph 12 of the complaint for want of knowledge sufficient to form a belief, but admits that Blake is a resident of Virginia.

10. Answering Defendant denies the allegations of paragraph 13 of the complaint, but admits Betty M. Brewer is a resident of Virginia.

11. Answering Defendant denies the allegations of paragraph 14 of the complaint for want of knowledge sufficient to form a belief, but admits Campbell was actively involved in sale of lots at Apple Valley, Savannah Lakes, and Sugarmill Woods.

12. Answering Defendant denies the allegations of paragraph 15 of the complaint for want of knowledge sufficient to form a belief.

13. Answering Defendant denies the allegations of paragraph 16 of the complaint for want of knowledge sufficient to form a belief.

14. Answering Defendant denies the allegations of paragraph 17 of the complaint for want of knowledge sufficient to form a belief.

15. Answering Defendant denies the allegations of paragraph 18 of the complaint for want of knowledge sufficient to form a belief.

16. Answering Defendant denies the allegations of paragraphs 19 through 23 of the complaint for want of knowledge sufficient to form a belief.

17. In answer to paragraph 24 of the complaint, Answering Defendant incorporates by reference paragraphs 1 through 16 above.

18. The assertion in paragraph 25 of the complaint is not an allegation of fact that requires an admission or denial. Answering Defendant denies the Court has diversity jurisdiction in this action.

19. Answering Defendant denies the allegations of paragraph 26 of the complaint for want of information sufficient to form a belief.

20. Answering Defendant denies the allegations of paragraph 27 of the complaint.

21. Answering Defendant denies the allegations of paragraph 28 of the complaint and states that said paragraph states a legal conclusion to which no response is required.

22. Answering Defendant denies the allegations of paragraph 29 of the complaint and states that said paragraph states a legal conclusion to which no response is required.

23. Answering Defendant denies the allegations of paragraph 30 of the complaint for want of information sufficient to form a belief and states that said paragraph states a legal conclusion to which no response is required.

24. Answering Defendant denies the allegations of paragraph 31 of the complaint and states that said paragraph states a legal conclusion to which no response is required.

25. In answer to paragraph 32 of the complaint, Answering Defendant incorporates by reference paragraphs 1 through 24 above.

26. In answer to paragraph 33 of the complaint, Answering Defendant denies the allegations for want of information sufficient to form a belief.

27. Answering Defendant denies the allegations in paragraph 34 and paragraph 35 of the complaint.

28. Answering Defendant denies the allegations in paragraph 36, paragraph 37, paragraph 38, paragraph 39, paragraph 40, paragraph 41, and paragraph 42 of the complaint for want of information sufficient to form a belief.

29. In answer to paragraph 43 of the complaint, Answering Defendant incorporates by reference paragraphs 1 through 28 above.

30. Answering Defendant denies the allegations in paragraph 44, paragraph 45 and paragraph 46 of the complaint.

31. In answer to paragraph 47 of the complaint, Answering Defendant incorporates by reference paragraphs 1 through 30 above.

32. Answering Defendant denies the allegations in paragraph 48, paragraph 49, paragraph 50, paragraph 51, paragraph 52, paragraph 53, paragraph 54, paragraph 55, paragraph 56, paragraph 57, paragraph 58, paragraph 59 and paragraph 60 of the complaint.

33. In answer to paragraph 61 of the complaint, Answering Defendant incorporates by reference paragraphs 1 through 32 above.

34. Answering Defendant denies the allegations in paragraph 62, paragraph 63, paragraph 63, paragraph 64, paragraph 65 and paragraph 66 of the complaint.

35. In answer to paragraph 67 of the complaint, Answering Defendant incorporates by reference paragraphs 1 through 34 above.

36. Answering Defendant denies the allegations in paragraph 68, paragraph 69, paragraph 70 and paragraph 71 of the complaint.

37. In answer to paragraph 72 of the complaint, Answering Defendant incorporates by reference paragraphs 1 through 36 above.

38. Answering Defendant denies the allegations in paragraph 73, paragraph 74, paragraph 75, paragraph 76 and paragraph 77 of the complaint.

39. In answer to paragraph 78 of the complaint, Answering Defendant incorporates by reference paragraphs 1 through 38 above.

40. Answering Defendant denies the allegations in paragraph 79 and paragraph 80 of the complaint for want of information sufficient to form a belief.

**SECOND DEFENSE**

41. Improper venue

**THIRD DEFENSE**

42. The complaint fails to name all necessary and proper parties

**FOURTH DEFENSE**

43. The relief sought in the complaint is barred by the statute of limitations.

**FIFTH DEFENSE**

44. The transactions set forth in the complaint are exempt by statute.

**SIXTH DEFENSE**

45. The complaint is barred by the doctrine of waiver.

**SEVENTH DEFENSE**

46. The complaint is barred by the doctrine of estoppel.

**EIGHTH DEFENSE**

47. The complaint is barred by the statute of frauds.

**NINTH DEFENSE**

48. The complaint is barred by the doctrine of laches.

**TENTH DEFENSE**

49. The complaint is barred by the doctrine of accord and satisfaction.

**ELEVENTH DEFENSE**

50. The conduct of the Answering Defendant is not the cause of the injury alleged in the complaint.

**TWELFTH DEFENSE**

51. This Court lacks jurisdiction over the subject matter of this action.

**THIRTEENTH DEFENSE**

52. The Complaint fails to state a claim upon which relief may be granted.

**FOURTEENTH DEFENSE**

53. The Answering Defendant reserves its right to raise additional affirmative defenses as the same may become known during the course of discovery of the within action.

WHEREFORE, Answering Defendant, Thomas H. Brewer, respectfully requests that the complaint be dismissed with prejudice at Plaintiff's costs.

Respectfully submitted,

_____
Thomas H. Brewer
113 Northgate Lane
Suffolk, Virginia 23434

## CERTIFICATE OF SERVICE

A copy of the foregoing Answer was serviced by First Class U.S. Mail this 10th day of August, 2004 upon the following:

Jeffrey L. McCormick, Esq.
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115

_____
Thomas H. Brewer