UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

C.A. NO. 04-CV-30076-KPN

LITCHFIELD FINANCIAL CORPORATION
TEXTRON FINANCIAL CORPORATION
LAND FINANCE COMPANY
     Plaintiffs,

v.

BUYERS SOURCE REAL ESTATE GROUP
BUYERS SOURCE VALLEY GROUP, LLC
BUYERS SOURCE SUGARMILL, LLC
BUYERS SOURCE, SAVANNAH LAKES, LLC
THOMAS H. BREWER
FREDERICK D. BLAKE
BETTY M. BREWER
SUSAN GARD
HENRY MONTGOMERY
LANNIE CAMPBELL
RONALD P. FERGUSON
STEPHEN A. HUDGINS, ESQ.
STEPHEN A. HUDGINS, P.C.
HUDGINS & STALLINGS, P.C.
J. VANCE STALLINGS, ESQ.
JOHN C. LUMPKIN, ESQ.
JOHN C. LUMPKIN, P.C.
WILLIAM GREGORY SEIGLER, ESQ.
     Defendants.

## AMENDED ANSWER OF WILLIAM GREGORY SEIGLER
## TO PLAINTIFFS' COMPLAINT

The defendant William Gregory Seigler ("Defendant") answers the serially numbered counts and paragraphs of the plaintiffs' Complaint as follows:

1.     Denied that the Plaintiffs are entitled to any restitution or monetary damages

from this Defendant.

2.    Admitted that a Complaint was filed by the United States Department of Housing and Urban Development ("HUD") against parties named in this paragraph. This Defendant further admits that HUD alleged that the loan practices of the Buyer's Source entities and their employees violated the Interstate Land Sales Full Disclosure Act. This Defendant admits that Litchfield Financial Corporation, Textron Financial Corporation, and Land Finance Company were not named in the HUD Complaint. This Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 2.

## PARTIES

3.    Admitted, upon information and belief.

4.    Admitted, upon information and belief.

5.    Admitted, upon information and belief.

6.    This paragraph is not specifically directed to or relevant to this Defendant, and thus no answer is required.

7.    This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

8.    This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

9.    This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

10.    Admitted, upon information and belief.

11.    This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

12.    This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

13.    This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

14.    This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

15.    This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

16.    This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

17.    This paragraph is not specifically directed to or relevant to this Defendant, and thus no answer is required.

18.    This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

19.    This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

20.    This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

21.    This Defendant admits that he is licensed to practice law in the State of South Carolina and that his practice is located at 119 North Pine Street, McCormick, South Carolina 29835. Otherwise denied in the form alleged.

22.    This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

3

23.    This paragraph is not specifically directed to or relevant to this Defendant, and thus no answer is required.

## JURISDICTION AND VENUE

24.    This Defendant incorporates by reference his answers to paragraphs 1-23 of the Complaint, as if fully set forth herein.

25.    This Defendant is without sufficient knowledge or information to admit or deny whether diversity exists as to the parties to this lawsuit. This Defendant also denies that he has caused any damages to any Plaintiff.

26.    This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph. However, to the extent the allegations contained in this paragraph are directed to other defendants, no answer is required. In addition, any allegations of wrongful conduct by this defendant, whether expressed or implied in this paragraph, are denied.

27.    This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph. However, to the extent the allegations contained in this paragraph are directed to other defendants, no answer is required. In addition, any allegations of wrongful conduct by this defendant, whether expressed or implied in this paragraph, are denied.

28.    This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph. However, to the extent the allegations contained in this paragraph are directed to other defendants, no answer is required. In addition, any allegations of wrongful conduct by this defendant, whether expressed or implied in this paragraph, are denied.

4

29.    This Defendant denies that this Court has personal jurisdiction over him and further denies that he delivered incorrect legal opinions as to Litchfield Financial in Massachusetts. This Defendant denies that he has caused tortuous injury in the Commonwealth of Massachusetts. This Defendant further denies that exercising jurisdiction over him pursuant to the Massachusetts long-arm statute comports with Constitutional due process and traditional notions of fair play. Otherwise denied in the form alleged.

30.    This Defendant denies the allegations in this paragraph as to him.

31.    This Defendant denies the allegations in this paragraph, and alleges that he is entitled to a trial by jury.

### FACTUAL BACKGROUND

32.    This Defendant incorporates by reference his answers to paragraphs 1-31 of the Complaint, as if fully set forth herein.

33.    This defendant is not required to answer this paragraph of the Complaint as the allegations contained therein do not appear to be directed to him. However, any allegations of wrongful conduct by this defendant, whether expressed or implied in this paragraph, are denied.

34.    This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

35.    This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

36.    This Defendant denies that he provided Litchfield Financial with legal opinions which negligently and incorrectly stated that Buyers Source was in compliance with all applicable federal rules and regulations, including the Interstate Land Sales Act. The remaining allegations of this paragraph as to this Defendant are denied.

5

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

## CAUSES OF ACTION

### COUNT I

#### BREACH OF CONTRACT
Representations, Warranties, Covenants & Take Back Provisions
(Thomas Brewer, Betty Brewer, BSVG, BSS, and BBSL)

43.    This Defendant incorporates by reference his answers to paragraphs 1-42 of the Complaint, as if fully set forth herein.

44-46.  This defendant is not required to answer these paragraphs of the Complaint as the allegations contained therein do not appear to be directed to him.  However, any allegations of breach of contract or other wrongful conduct by this defendant, whether expressed or implied in these paragraphs, are denied.

### COUNT II

#### FRAUD
(Buyers Source Defendants)

47.    This Defendant incorporates by reference his answers to paragraphs 1-46 of the Complaint, as if fully set forth herein.

48-60  This defendant is not required to answer these paragraphs of the Complaint as the allegations contained therein do not appear to be directed to him.  However, any allegations of fraud or other wrongful conduct by this defendant, whether expressed or implied in these

paragraphs, are denied.

## COUNT III

### NEGLIGENT MISREPRESENTATION
(Buyers Source Defendants and Counsel Defendants)

61.    This Defendant incorporates by reference his answers to paragraphs 1-60 of the

Complaint, as if fully set forth herein.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

## COUNT IV

### FRAUD IN THE INDUCEMENT
(Buyers Source Defendants)

67.    This Defendant incorporates by reference his answers to paragraphs 1-66 of the

Complaint, as if fully set forth herein.

68-71   This defendant is not required to answer these paragraphs of the Complaint as the

allegations contained therein do not appear to be directed to him.  However, any allegations of

fraud in the inducement or other wrongful conduct by this defendant, whether expressed or

implied in these paragraphs, are denied.

## COUNT V

### UNJUST ENRICHMENT
(Buyers Source Defendants)

72.    This Defendant incorporates by reference his answers to paragraphs 1-71 of the

Complaint, as if fully set forth herein.

7

73-77  This defendant is not required to answer these paragraphs of the Complaint as the allegations contained therein do not appear to be directed to him.  However, any allegations of unjust enrichment or other wrongful conduct by this defendant, whether expressed or implied in these paragraphs, are denied.

**COUNT VI**

**LEGAL MALPRACTICE**
(Counsel Defendants)

78.     This Defendant incorporates by reference his answers to paragraphs 1-77 of the Complaint, as if fully set forth herein.

79.     Denied.

80.     Denied.

**PRAYER FOR RELIEF**

The next paragraphs are a demand for judgment and prayer for relief, to which no response is required.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Venue is improper.

**THIRD AFFIRMATIVE DEFENSE**

Service of process was improper.

**FOURTH AFFIRMATIVE DEFENSE**

This Court lacks personal jurisdiction over this Defendant, William Gregory Seigler.

## FIFTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of plaintiffs' claims are or may be barred by the applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

This Defendant pleads waiver.

## EIGHTH AFFIRMATIVE DEFENSE

This Defendant pleads ratification.

## NINTH AFFIRMATIVE DEFENSE

This Defendant pleads consent.

## TENTH AFFIRMATIVE DEFENSE

This Defendant pleads pendency of a prior action in The Court of Common Pleas, County of McCormick, South Carolina, wherefore this action should be dismissed.

## ELEVENTH AFFIRMATIVE DEFENSE

No act or omission to act of this Defendant proximately caused plaintiffs' alleged damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

The acts, omissions or both of a third-party or parties proximately caused plaintiffs' alleged damages, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs were contributorily negligent, wherefore plaintiffs' right to recover is barred or proportionately reduced.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs were comparatively negligent.

## FIFTEENTH AFFIRMATIVE DEFENSE

If plaintiffs are entitled to an award of damages from this Defendant, which this Defendant

expressly denies, this Defendant is entitled to a setoff for any amounts received by plaintiffs from

others in satisfaction of their claims.

This Defendant states that he intends to rely on other affirmative defenses which may

become available or apparent during discovery and hereby reserves the right to amend this Answer

to assert such defenses.

## DEMAND FOR JURY TRIAL

Defendant, William Gregory Seigler, demands trial by jury as to all issues so triable.

Respectfully Submitted,
Defendant,
William Gregory Seigler,
By his attorney,

Peter M. Durney, BBO #139260
CORNELL & GOLLUB
75 Federal Street
Boston, MA  02110
(617) 482-8100

10

## CERTIFICATE OF SERVICE

I, Peter M. Durney, attorney for the defendant, William Gregory Seigler, hereby certify that on this 12th day of August, 2004, a true copy of the foregoing Amended Answer of William Gregory Seigler to Plaintiffs' Complaint, was served by first class mail, postage prepaid, directed to:

Jeffrey L. McCormick, Esq.
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA  01115

George R. Moore, Esq.
Devine, Millimet & Branch, PA
300 Brickstone Square, 9th Floor
P.O. Box 39
Andover, MA  01810

Ronald P. Ferguson
6395 Lake View Drive
Falls Church, VA  22041

Henry Montgomery
396 Baldwin Drive
Howard, OH  43028-8044

Thomas H. Brewer
113 Northgate Lane
Suffolk, VA  23434

Betty M. Brewer
113 Northgate Lane
Suffolk, VA  23434

Frederick D. Blake
705 Mobjack Place
Newport News, VA  23606

Peter M. Durney