## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

Litchfield Financial Corporation, Textron
Financial Corporation, Land Finance
Company,
        Plaintiffs,

04-CV-30076-KPN

v.

Buyers Source Real Estate Group, Buyers
Source Valley Group, LLC, Buyers Source
Sugarmill, LLC, Buyers Source, Savannah
Lakes, LLC, Thomas H. Brewer, Frederick D.
Blake, Betty M. Brewer, Susan Gard, Henry
Montgomery, Lannie Campbell, Ronald P.
Ferguson, Stephen A. Hugdins, Esquire,
Stephen A. Hudgins, PC, Hudgins &
Stallings, PC, J. Vance Stallings, Esquire,
John C. Lumpkin, Esquire, John C. Lumpkin,
PC, William Gregory Seigler, Esquire
        Defendants.

## MEMORANDUM IN SUPPORT OF DEFENDANT WILLIAM
## GREGORY SEIGLER'S MOTION TO DISMISS

The Defendant, William Gregory Seigler ("Seigler"), respectfully moves this Court for

an Order dismissing him from this lawsuit on the following grounds:

1.      This Court lacks personal jurisdiction over Mr. Seigler;

2.      There is another action pending in the McCormick County Court of Common

Pleas in the State of South Carolina which was filed prior to the filing of this lawsuit, and

involves essentially the same facts and parties; and

3.      Venue is improper in the United States District Court for the District of

Massachusetts, Western Division.

## I.    FACTS

The Defendant, William Gregory Seigler, is an attorney licensed to practice law in the State of South Carolina and he resides and practices in the County of McCormick.  In the summer of 2001, Mr. Seigler was approached by a local realtor who asked him about providing legal services to Buyers Source, Savannah, LLC, ("Buyers Source"), who was interested in purchasing real estate in the Savannah Lakes development.  Buyers Source received financing from Land Finance Company to fund the purchase of property at this development.

In connection with this financing, Mr. Seigler was asked to provide opinions as to the ability of Buyers Source to engage in the transactions proposed.  Mr. Seigler provided three opinion letters.  By letter dated May 19, 2001, Mr. Seigler made it clear that his opinion would be limited by the scope of the documents provided to him by Buyers Source and Land Finance Company.

The plaintiffs are Litchfield Financial Corporation ("Litchfield"), a Massachusetts corporation, Litchfield's parent Textron Financial Corporation ("Textron"), a Delaware corporation, and Land Finance Company, an affiliate of Textron and also a Delaware Corporation.  In this lawsuit, the Plaintiffs allege that they relied upon the opinions provided by Mr. Seigler in entering into the transactions and that the opinions provided by Mr. Seigler were erroneous.  Plaintiffs allege that they sustained damages when it was ultimately determined that Buyers Source had not complied with various provisions of the Interstate Land Sales Act.

Mr. Seigler filed an action in South Carolina in the McCormick County Court of Common Pleas on February 18, 2004, Civil Action Number 2004-CP-23-35-25 seeking a declaratory judgment against Defendants William E. Boyd, Bill Boyd Realty, Inc., Buyers Source, Textron, Litchfield and Land Finance Company.  In that action, Mr. Seigler asked the

court to declare certain rights, statuses, and legal relations between the parties arising out of the same set of facts as alleged in this lawsuit. That Complaint is attached as Exhibit A. Two months after the filing of the South Carolina state court action, the Plaintiffs herein, Textron, Litchfield and Land Finance Company, filed suit in United States District Court for the District of Massachusetts, Western Division on April 16, 2004. A copy of Plaintiffs' Complaint is attached as Exhibit B.

Mr. Seigler now moves this Court to dismiss the claims filed against him on the grounds that he lacks the necessary minimum contacts with the Commonwealth of Massachusetts and therefore is not subject to the exercise of personal jurisdiction by this Court. Similarly, this action must be dismissed as to Mr. Seigler, because the previously filed action in South Carolina State court involves the same issues and parties. Finally, the case should be dismissed on the basis of improper venue and forum non-conveniens.

## II.    LAW AND ANALYSIS

### A.    This Court Lacks Personal Jurisdiction Over William Gregory Seigler

In determining whether a nonresident defendant is subject to the exercise of personal jurisdiction, a federal court exercising diversity jurisdiction is equivalent to a state court sitting in the forum state. See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A. et al, 284 F. Supp. 2d 204, 212 (D.Mass. 2003); Nichols Assocs., Inc. v. Starr, 4 Mass. App. Ct. 91, 91-95, 341 N.E.2d 909, 910-12 (1976). A court's exercise of jurisdiction over a nonresident defendant may be either specific or general in personam jurisdiction. Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 35 (1st Cir. 1998).

There is general jurisdiction when the defendant has engaged in "continuous and systematic activity" in the forum state, even if that activity is not related to the conduct which is

3

at issue in the lawsuit. <u>Massachusetts School of Law,</u> 142 F.3d at 34. In the absence of general jurisdiction, a court's power depends upon the existence of specific jurisdiction by a showing that the Massachusetts Long-Arm Statute grants jurisdiction, and that the exercise of the jurisdiction is consistent with the United States Constitution. <u>See Brown Rudnick Berlack Israels LLP v. Brooks</u>, 311 F.Supp.2d 131, 133 (D.Mass. 2004).

The Plaintiffs bear the burden of establishing that this Court has personal jurisdiction over Seigler. <u>LTX Corp. v. Daewoo Corp.</u>, 979 F. Supp. 51, 54 (D. Mass. 1997), <i>aff'd,</i> 1198 WL 11597 (1st Cir. 1998); <u>Tatro v. Manor Care, Inc.</u>, 416 Mass. 763, 767, 625 N.E.2d 549, 551 (1994); <u>Stanton v. AM General Corp</u>, 50 Mass.App.Ct. 116, 117, 735 N.E.2d 407, 408 (2000). The court does not "credit conclusory allegations or draw farfetched inferences" in determining whether the exercise of jurisdiction is proper. <u>Massachusetts School of Law,</u> 142 F.3d at 35. The contacts necessary to sustain jurisdiction must exist at the time of the filing of the lawsuit. <u>See Noonan v. Winston Co.</u>, 135 F.3d 85, 95-96 (1st Cir. 1998).

The determination of personal jurisdiction over a nonresident defendant involves a two-part analysis. First, the Court must assess whether the terms of the Massachusetts Long-Arm Statute authorize the exercise of jurisdiction. MASS. GEN. LAWS ANN. ch. 223A, § 3(a)-(h) (West 2004). Second, the Court must determine whether the exercise of personal jurisdiction is consistent with the Due Process Clause of the United States Constitution. <u>See LTX Corp.</u>, 979 F.Supp. at 54; <u>Northern Light Technology v. Northern Lights Club</u>, 97 F.Supp.2d 99, 104 (D.Mass. 2000).

### 1. The Massachusetts Long-Arm Statute Does Not Extend to Seigler.

The Massachusetts Long-Arm Statute permits the court to exercise specific jurisdiction over a person who engages in the following conduct if the cause of action arises from that

conduct:

(a)    transacting any business in this Commonwealth;

(b)    contracting to supply services or things in this Commonwealth;

(c)    causing tortious injury by an act or omission in this Commonwealth;

(d)    causing tortious injury in this Commonwealth by an act or omission outside this
        Commonwealth if he regularly does or solicits business, or engages in any other
        persistent course of conduct, or derives substantial revenue from goods used or
        consumed or services rendered, in this Commonwealth; or

(e)    having an interest in, using or possessing real property in this Commonwealth.

MASS. GEN. LAWS ANN. ch. 223A, § 3(a)-3(e) (West 2004).

### a.    Seigler Has Never Transacted Business in Massachusetts

Under Section 3(a), a court may exercise specific jurisdiction over a nonresident defendant as the result of "transacting any business" in the Commonwealth which gives rise to the cause of action. The "transacting business" requirement is designed to identify deliberate, as distinguished from fortuitous, contacts with the forum state by the nonresident party to determine whether "the possible need to invoke the benefits and protections of the forum's laws was reasonably foreseeable . . . ." Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 10-12, 389 N.E.2d 76 (1979) (internal citations omitted).

Under Section 3(a), the Plaintiffs must establish that Seigler has transacted business in Massachusetts, and more importantly, that the claims asserted in the Plaintiffs' Complaint "arise from" the alleged transaction of business by the Defendant. The Plaintiffs must demonstrate that the claims at issue would not have arisen "but for" the forum state conduct in which the Defendant engaged. See Tatro, 416 Mass. at 769-772. A plaintiff's cause of action "arises from" a defendant's transaction of business in the forum state only "if the claim was made possible by, or lies in the wake of, the transaction of business in the forum State." Id. at 771.

Seigler has never transacted any business in the Commonwealth of Massachusetts. See

5

Affidavit of William Gregory Seigler ¶¶ 7, 9. Moreover, the legal services Seigler provided which are the subject matter of the claims against him were performed in the State of South Carolina and concerned property which is located within the State of South Carolina. See Affidavit of Seigler ¶¶ 3, 4. Seigler has never entered into a contract to be performed in the Commonwealth of Massachusetts nor has he performed any legal services in the Commonwealth of Massachusetts. See Affidavit of Seigler ¶¶ 4, 6, 7, 9.

### b. Seigler Has Never Contracted To Supply Services or Things in Massachusetts

Section 3(b) permits a court to exercise specific jurisdiction over a nonresident defendant for "contracting to supply services or things in this Commonwealth" if the cause of action arises from that activity.

Seigler has never entered into any contracts with anyone in Massachusetts to supply goods or services in Massachusetts. See Affidavit of Seigler ¶¶ 7, 9. Furthermore, this cause of action does not arise out of a contract to supply services or goods in Massachusetts. The Plaintiffs' claims against Seigler involve issues of alleged professional negligence in the provision of legal services in the State of South Carolina.

### c. Seigler Did Not Commit Tortious Acts Within Massachusetts

Plaintiffs cannot satisfy the requirements for specific jurisdiction under Section 3(c), which requires that the defendant commit an act within the Commonwealth which caused tortious injury. See Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 292, 475 N.E.2d 727, 738 (1985). This provision necessarily requires that the defendants perform some act in Massachusetts that causes tortious injury. See American Freedom Train Found. v. Spurned, 747 F.2d 1069, 1074 (1st Cir. 1984); see also Burtner v. Burnham, 13 Mass. App. Ct. 158, 162-164, 430 N.E.2d 1233, 1236-37 (1982) (discussing requirement of action under § 3(c)).

Mr. Seigler has never sent correspondence to the Commonwealth of Massachusetts, and

has never been within the borders of the State. See Affidavit of Seigler ¶¶ 9, 10. Nor does the Plaintiffs' Complaint allege that Mr. Seigler has committed any tortious act within the Commonwealth of Massachusetts.

### d. Seigler Has Never Conducted Business Nor Derived Substantial Revenue from Massachusetts

Section 3(d) allows the court to exercise specific jurisdiction over a nonresident defendant for acts committed outside the Commonwealth which result in tortious injury in the Commonwealth where the defendant regularly does or solicits business, or engages in other persistent course of conduct, or derives substantial revenue from goods or services used, consumed, or rendered in the Commonwealth. See In re Lupron Marketing and Sales Practices Litigation, 245 F.Supp.2d 280, 298 (D.Mass. 2003); Campbell v. Frontier Fishing and Hunting, Ltd., 10 Mass.App.Ct. 53, 54, 405 N.E.2d 989 (1980) (jurisdiction appropriate where "regular and systematic effort to acquire business by solicitation ... [leads] to the acquisition of a substantial number of customers."). Mr. Seigler has never conducted business in the Commonwealth of Massachusetts and does not derive any revenue from goods or services which are used, consumed, or rendered in the Commonwealth of Massachusetts. See Affidavit of Seigler ¶¶ 7, 9.

Moreover, even if it were proved that Mr. Seigler provided an opinion letter to the subsidiary (Land Finance Company) of a Massachusetts Corporation (Litchfield Financial), that fact is not sufficient to establish that he conducted business in Massachusetts under Section 3(d) or permit the exercise of personal jurisdiction over Seigler. In fact, the Massachusetts Court of Appeals has held that a New York law firm's preparation of an opinion letter for a Massachusetts law firm and brief contacts initiated to the forum state in an effort to secure that opinion were insufficient to give rise to personal jurisdiction in Massachusetts under the Massachusetts Long-Arm Statute. See Fern v. Immergut, 773 N.E.2d 972 (Mass. App. Ct. 2002). In a similar case,

this Court has held that attorneys from Kentucky and Ohio were not subject to personal jurisdiction in Massachusetts where the attorneys had never been to Massachusetts and had never had a business or other relationship in Massachusetts. See Comer v. Comer, 295 F.Supp.2d 201 (D.Mass. 2003).

### e.    Seigler Does Not Own Real Property in the Commonwealth of Massachusetts

Section 3(e) permits the Court to exercise specific jurisdiction over a nonresident defendant if the defendant has an interest in or owns real property within the Commonwealth. Seigler does not own real property nor have an interest in any real property located within the Commonwealth of Massachusetts. See Affidavit of Seigler ¶ 8.

### 2.    The Exercise of General Jurisdiction over Seigler in Massachusetts Does Not Comport with the Due Process Clause of the Constitution.

The determination of whether general jurisdiction exists involves two steps. LTX Corp., 979 F. Supp. at 57. The court must first examine the defendant's contacts with the forum. See Donatelli v. National Hockey League, 893 F.2d 459, 465 (1st Cir. 1990). General jurisdiction is present only if such contacts show continuous and systematic activity in the forum state. See e.g. Massachusetts School of Law, 142 F.3d at 34; LTX Corp., 979 F. Supp. at 58.

The next step in determining whether general jurisdiction is present is to analyze the "gestalt factors" to determine whether the exercise of jurisdiction is fair. See, Donatelli, 893 F.2d at 465 (quoting Keeton v. Hustler Magazine. Inc., 465 U.S. 770, 775 (1984)); LTX Corp., 979 F. Supp. at 57.[1] If the defendant has no cognizable contacts with the forum sufficient to

---

[1]    These five factors are:

(1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiffs' interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting social policy.

create jurisdiction, however, then the court does not analyze the gestalt factors. See Donatelli, 893 F.2d at 465.

The assertion of personal jurisdiction over Seigler in this action would violate principles of due process, because Seigler has no contacts with the forum state. The determination of whether an exercise of personal jurisdiction comports with due process turns on whether the defendant purposefully established minimum contacts with the forum state, thus invoking the benefits and protections of its laws. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985) (quoting International Shoe v. Washington, 326 U.S. 310, 316 (1945)); see also Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 108-09 (1987).

Even if a defendant has purposefully established minimum contacts with the forum, the assertion of jurisdiction must comport with notions of "fair play and substantial justice." Burger King, 471 U.S. at 476 (quoting International Shoe, 326 U.S. at 310). An assertion of jurisdiction must be tested for its reasonableness, taking into account such factors as the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, and the interstate judicial system's interest in obtaining the most efficient resolution of controversies. Tatro, 416 Mass. at 771-773; United Elec., Radio & Mach. Workers of America v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088-89 (1st Cir. 1992), appeal after remand, 987 F.2d 39, 46-47 (1st Cir. 1993); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980). In a case such as this, the Plaintiffs' claims must arise out of, or relate to, the defendant's forum contacts. See Tatro, 416 Mass. at 771-773; see also World-Wide Volkswagen, 444 U.S. at 295.

There is simply no nexus between Seigler and this forum and, therefore, there is no basis for

---

Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 150 (1st Cir. 1995) (quoting United Elec., Radio & Mach. Workers of America v. 163 Pleasant Street Corp., 960 F.2d 1080, 1088 (1st Cir. 1992)). These criteria are called "gestalt factors" because in any given case, they may neither be amenable to mechanical application nor be capable of producing an open-and-shut result. Their primary function is simply to illuminate the equitable dimensions of a specific situation, thereby "put[ting] into sharper perspective the reasonableness and fundamental fairness of exercising jurisdiction" in that situation. Id. (internal citations omitted).

this Court to exercise jurisdiction over him. Simply put, Seigler has no contacts of any kind with the Commonwealth of Massachusetts. See Affidavit of Seigler ¶¶ 3 – 10. He has never entered into a contract in Massachusetts, never transacted business in Massachusetts, nor has he ever been within the borders of Massachusetts. Even more importantly, the transactions which are the subject matter of this lawsuit were performed within the State of South Carolina and concerned property which is located within the State of South Carolina. See Affidavit of Seigler ¶¶ 3 – 10. See e.g. Sawtelle v. Farrell, 70 F.3d 1381 (1st Cir. 1995) (holding that contacts in a personal injury action were insufficient for the exercise of personal jurisdiction in the subsequent legal malpractice action which was filed against a Virginia law firm in the state of New Hampshire, where the alleged acts caused harm outside the forum state, contacts to the forum state were limited and consisted primarily of communications to state in which the client happened to live, the client initiated the contacts, and no legal services were performed in the forum state).

To satisfy the separate determination of whether the exercise of jurisdiction comports with due process requirements, the well-known principle established by International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny requires that the Plaintiffs establish that "the defendant has had such 'minimum contacts' with Massachusetts that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Packard v. Packard, 34 Mass.App.Ct. 543, 549, 613 N.E.2d 923, 927 (1993) (quoting International Shoe, 326 U.S. at 316). Moreover, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus evoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). Thus "the Due Process Clause protects an individual's liberty interest in not being subject to a binding judgment of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King, 471 U.S. at 471-72. Accordingly, the court's focus in deciding

10

whether minimum contacts are present properly belongs on "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204 (1977).

The Plaintiffs have failed to establish jurisdiction under any of the provisions of the Massachusetts Long-Arm Statute. In fact, the Plaintiffs have failed to establish that Seigler had any contacts with the forum state at all. Therefore, the exercise of jurisdiction over Seigler would violate the Massachusetts Long-Arm Statute and Due Process.

**B.    There is a Prior State Court Action Pending And This Proceeding Against Mr. Seigler Must Be Dismissed**

Prior to the filing of the present action, Mr. Seigler filed a declaratory action in McCormick County, South Carolina against Plaintiffs herein, Buyers Source, Savannah, LLC, William E. Boyd and Bill Boyd Realty, Inc. See Seigler Complaint, attached as Ex. A. Because the South Carolina action involves the same issues and parties as Plaintiffs' claims herein against Mr. Seigler, this Court should dismiss Plaintiffs' claims against Mr. Seigler.

A district court has discretion to dismiss a federal action based on a pending state court action. Colorado River Water Conservation District v. United States, 424 U.S. 800, 818-19, 96 S.Ct. 1236, 1246-47 (1976). In deciding whether to dismiss, "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." Id. In Colorado River, the Supreme Court noted that dismissal of the federal proceeding (more appropriately or often referred to as abstention) is proper based on "considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817, 96 S.Ct. at 1246.

In determining whether federal abstention is proper under this doctrine of "judicial economy and convenience," the district court must weigh a number of factors, including whether

either court has jurisdiction over property, the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, the order in which jurisdiction was obtained, whether federal law controls on the merits, and whether the state court would adequately protect the parties' rights. Moses H. Cone Memorial Hospital v. Mercury Construction Corporation, 460 U.S. 1, 16, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); Colorado River, 424 U.S. at 818-19, 96 S.Ct. at 1246-47. This court should "treat the issue *first* from the perspective of *judicial economy and convenience*." Neptune v. McCarthy, 706 F.Supp. 958, 963 (D.Mass. 1989) (emphasis added).

### 1.    This Forum is Inconvenient.

There is no doubt that the federal forum chosen by Plaintiffs is inconvenient.[2]  As discussed in Section II(A) above, Mr. Seigler has never had any contacts with Massachusetts, whether pertaining to this litigation or otherwise.  Mr. Seigler resides and practices law in McCormick County, South Carolina. He is a sole practitioner, in a small town. The facts which give rise to the instant litigation occurred in South Carolina.  Specifically, Seigler was approached by William Boyd of Bill Boyd Realty, Inc. to provide limited legal services to Buyers Source.  Seigler provided only three opinion letters regarding the ability of Buyers Source to engage in the transactions proposed.  All transactions and dealings between the parties occurred in South Carolina.

It would be unduly burdensome to require Mr. Seigler to travel to and from Massachusetts, close to 1000 miles from where the facts leading to the present action occurred, when his rights and that of the Plaintiffs herein will be adequately protected in the state court proceeding.  Contra Fuller Co. v. Ramon I. Gil, Inc., 782 F.2d 306, 310 (1st Cir. 1986) (no inconvenience); DeVona v. City of Providence, 652 F.Supp. 683, 688 (D.R.I. 1987) (noting that while the federal court could abstain from exercising jurisdiction, inconvenience was not a factor

---

[2]    Although it is clear that this forum is highly inconvenient for Mr. Seigler, it is worth noting that all other defendants in this action, upon information and belief, reside outside Massachusetts.

as the "district court is located within a few hundred yards of the state court"). This Defendant

should not be required to travel to and appear in court in Western Massachusetts, at tremendous

expense and inconvenience, particularly in light of the fact that the action in South Carolina is

venued just a few miles from Savannah Lakes, the property which is the subject matter of the

Plaintiffs' claims against Mr. Seigler.

### 2.    Dismissal Would Avoid Piecemeal Litigation.

Dismissal of the action against Mr. Seigler would avoid piecemeal litigation. A ruling in

Seigler's favor in the state action would dispose of the claims against him in the present action, a

critical factor weighing in favor of abstention. Specifically, Plaintiffs have asserted negligent

misrepresentation and legal malpractice claims against Mr. Seigler arising out of the legal

services he rendered in South Carolina. See Plaintiffs' Complaint attached as Ex. B; Seigler

Complaint attached as Ex. A. The McCormick County action seeks a declaratory judgment on

the precise issues raised in the Plaintiffs' Complaint. See Ex. A. In deciding abstention, a

"central concern is to minimize the burden of what necessarily must be two proceedings in two

separate fora." Neptune, at 963. Dismissal of this proceeding would promote judicial economy

and convenience.

### 3.    The State Court Was First to Obtain Jurisdiction.

The South Carolina court was the first to obtain jurisdiction. See, e.g., Fuller, 782 F.2d at

310-11. Seigler filed suit in South Carolina on February 18, 2004. The Plaintiffs herein filed

suit nearly two months later, on April 16, 2004. As evidenced by the attached Affidavits of

Service, the Defendants in the South Carolina action were all properly served prior to any

Summons issuing in this federal action. See Affidavits of Service on Land Finance Company,

Textron, Litchfield, Bill Boyd Realty, Inc., William E. Boyd, and Buyers Source, attached

collectively as Ex. C.[3]  Furthermore, it is worth noting that while none of the defendants in the South Carolina action have filed an Answer, certain of the defendants sought extensions of time to do so, which were granted.  Subsequently, the Plaintiffs in the present action filed suit in this Court.

> **4.  South Carolina Law Controls, and This Court has only a Limited Interest in Adjudicating the Issues Presented, Especially Since the State Court will Adequately Protect Plaintiffs' Interests.**

Finally, South Carolina's interest in adjudicating the issues presented here is self evident. All relevant activities with respect to Seigler took place in South Carolina.  The claims by both parties in both actions are controlled by South Carolina law, and as such Plaintiffs cannot credibly assert that the South Carolina courts would not adequately protect their interests.

Even where the balance is "heavily weighted in favor of the exercise of jurisdiction," Moses H. Cone Memorial Hospital v. Mercury Construction Corporation, 460 U.S. 1, 16, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the instant case meets the "clearest of justifications" which support abstention.  Colorado River, 424 U.S. at 819, 96 S.Ct. at 1247.  There are no federal issues raised in the present case.  No federal interest would be served by retaining jurisdiction. The state court action is the logical forum for the determination of the respective rights and obligations of the parties.  Abstention would further the interest of judicial economy.  See Liberty Mutual Insurance Co. v. Foremost-McKesson, Inc., 751 F.2d 475, 477 (1st Cir. 1985).

Here, there is an "action pending in state court in which the controversy between the parties can be resolved."  17A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d §4247, at 117 (1988 & 2004 Supp.).  This court, which has "'wide latitude in

---

[3]    This Court's docket establishes that the Summons as to the various defendants were issued on June 30, 2004 and July 21, 2004.

14

setting [its] own calendar ...,'" Neptune, 706 F.Supp. at 964 (quoting Will, 437 U.S. at 665, 98 S.Ct. at **), should dismiss[4] Plaintiffs' federal claims as to defendant William Gregory Seigler. See, e.g., Fuller Co. v. Ramon I. Gil, Inc., 782 F.2d 306, (1st Cir. 1986); Telesco v. Telesco Fuel and Masons' Materials, 765 F.2d 356 (2nd Cir. 1985); Foremost-McKesson, 751 F.2d at 477.

## C.    Venue in This Court is Improper

Plaintiffs' claims as to Seigler should be dismissed because venue in this Court is improper. See 28 U.S.C.A. §1391(a) (West 2004).    None of the defendants reside in Massachusetts nor is it where "a substantial part of the events or omissions giving rise to the claim occurred." Id.

Where a civil action is founded only on diversity of citizenship, the action may be brought only in:

(1)    a judicial district where any defendant resides, *if all defendants reside in the same State,*

(2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(3)    a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought.*

Id. (emphasis added).

---

[4]    Although a stay is "in practical effect a dismissal of the federal action," 17 A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d §4247, at 137 (1988 & 2004 Supp.), this defendant is mindful that this Court may wish to stay this federal proceeding as to Mr. Seigler pending the outcome of the state proceeding.. See, e.g., Chedester v. Town of Whately, 279 F.Supp.2d 53, 58 (D.Mass. 2003); Guadarrama v. U.S. Dpt. of Housing and Urban Development, 74 F.Supp.2d 127, 137 (D.Puerto Rico 1999); Rey v. Classic Cars, 762 F.Supp. 421, 426 (D.Mass. 1991); Neptune v. McCarthy, 706 F.Supp. 958, 964 (D.Mass. 1989).

"[N]either provision (1) nor provision (3) of §1391(a) applies here because the defendants do not all reside in the same state and there are districts in which the case appropriately could have been filed." <u>Bearse v. Main Street Investments</u>, 170 F.Supp.2d 107, 116 (D.Mass. 2001). Section (a)(1) does not apply because most defendants are either residents of Virginia or South Carolina. <u>See</u> Plaintiffs' Complaint, Ex. B at ¶¶7-22. Section "(a)(3) is a fallback provision ... and ... can be used only if there is no district in which venue can be laid under (a)(1) or (a)(2)." 15 Wright, Miller & Cooper, Federal Practice and Procedure, §3802.1 at 6 (1986 & 2004 Supp.). Because venue presumably might be proper in another forum under provision (a)(2), section (a)(3) does not apply here.[5]

"Thus, if venue is proper in the District of Massachusetts, it must rest on provision (2) of §1391(a), and [this Court] must determine therefore whether 'a substantial part of the events or omissions giving rise to the claims against [Seigler] occurred in Massachusetts." <u>Bearse,</u> 170 F.Supp.2d at 116. The Plaintiffs' complaint sets forth multiple claims against multiple parties. "[I]n these circumstances, '...plaintiff[s] [have] the burden of establishing that venue is proper as to each claim.'" <u>Bearse,</u> at 116, quoting <u>VDI Technologies v. Price</u>, 781 F.Supp. 85, 92 (D.N.H. 1991). "In the circumstance where venue is based on §1391(a)(2), ... venue '... must be established against each 'claim' and against each defendant' for '... there is no pendent venue under 28 U.S.C. §1391(a)(2).'" <u>Id.,</u> quoting <u>McCaskey v. Continental Airlines, Inc.,</u> 133 F.Supp.2d 514, 525 (S.D.Tex. 2001).

Plaintiffs have failed to allege any set of facts establishing that venue is proper in this Court as to Seigler. No events leading to Plaintiffs' claims occurred in Massachusetts. As stated

---

[5]     Plaintiffs assert that Buyers Source Valley Group, LLC, Buyers Source Sugarmill, LLC, Buyers Source Savannah, LLC, Thomas Brewer, Frederick Blake and Betty Brewer consented to the general jurisdiction of the Commonwealth of Massachusetts and the U.S. District Court for the District of Massachusetts. <u>See</u> Plaintiffs' Complaint, attached as Ex. B at ¶¶26-27. Even assuming that were true, which is expressly denied, any inference or claim by plaintiffs that a forum selection clause assented to by some defendants would render an otherwise improper venue proper as to the other defendants under Section 1391(a)(3) is not supported by the law. <u>See, e.g., ZPC 2000, Inc. v. The SCA Group, Inc.,</u> 86 F.Supp.2d 274, 278 (S.D.N.Y. 2000).

in the Plaintiff's Complaint, the events which give rise to this action occurred in South Carolina, Florida and Ohio. The property that led to Plaintiffs' claims against Mr. Seigler is located in South Carolina. Plaintiffs cannot establish that "a substantial part of the events or omissions giving rise to the claim occurred" in Massachusetts. As such, venue in this court is improper and Plaintiffs' claims against Seigler must be dismissed.

## III.    CONCLUSION

For the reasons stated above, the Defendant William Gregory Seigler respectfully moves this Court for an Order dismissing him from this lawsuit. In the event that this Court is not inclined to dismiss the claims against this Defendant, Mr. Seigler respectfully requests that this Court stay the instant federal court action pending resolution of the South Carolina action.

Respectfully Submitted,
Defendant,
William Gregory Seigler,
By his attorneys,

Peter M. Durney, BBO #139260
David W. McGough, BBO #553069
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
Telephone: (617) 482-8100

Samuel W. Outten (Fed. I.D. # 2943) *Pro Hac Vice*
WOMBLE CARLYLE SANDRIDGE & RICE
*A Professional Limited Liability Company*
Post Office Box 10208
Greenville, SC 29603-0208
Telephone: (864) 255-5421
Fax: (864) 239-5852

17

CERTIFICATE OF SERVICE

I, David W. McGough, attorney for the defendant, William Gregory Seigler, hereby certify that on this 17th day of August, 2004, a true copy of the foregoing Memorandum in Support of Defendant William Gregory Seigler's Motion to Dismiss, was served via overnight courier, directed to:

Jeffrey L. McCormick, Esq.  
Robinson Donovan, P.C.  
1500 Main Street, Suite 1600  
Springfield, MA 01115  

Frederick D. Blake  
705 Mobjack Place  
Newport News, VA 23606  

George R. Moore, Esq.  
Devine, Millimet & Branch, PA  
300 Brickstone Square, 9th Floor  
P.O. Box 39  
Andover, MA 01810  

Lannie L. Campbell  
One Harbor Court, #3D  
Portsmouth, VA 23704  

Ronald P. Ferguson  
6395 Lake View Drive  
Falls Church, VA 22041  

Betty M. Brewer  
113 Northgate Lane  
Suffolk, VA 23434  

Henry Montgomery  
396 Baldwin Drive  
Howard, OH 43028-8044  

Thomas H. Brewer  
113 Northgate Lane  
Suffolk, VA 23434  

_____  
David W. McGough

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Litchfield Financial Corporation, Textron
Financial Corporation, Land Finance
Company,

       Plaintiffs,

   v.

Buyers Source Real Estate Group, Buyers
Source Valley Group, LLC, Buyers Source
Sugarmill, LLC, Buyers Source, Savannah
Lakes, LLC, Thomas H. Brewer, Frederick D.
Blake, Betty M. Brewer, Susan Gard, Henry
Montgomery, Lannie Campbell, Ronald P.
Ferguson, Stephen A. Hudgins, Esq., Stephen
A. Hudgins, P.C., Hudgins & Stallings, P.C., J.
Vance Stallings, Esq., John C. Lumpkin, Esq.,
John C. Lumpkin, P.C., William Gregory
Seigler, Esq.,

       Defendants

**AFFIDAVIT OF
WILLIAM GREGORY SEIGLER**



     PERSONALLY APPEARED before me, William Gregory Seigler, who being duly sworn

Deposes and states as follows:

    1.     I am William Gregory Seigler and I reside at 39 Buffalo Creek, McCormick,

South Carolina, 29835.

    2.     I am an attorney licensed to practice law in the State of South Carolina.  My

practice is located at 124 North Main Street, McCormick, South Carolina.  I have been licensed

to practice law in the State of South Carolina since May of 2000.

1

3.    I was contacted on or about April of 2001 by Buyers Source, Savannah Lakes, LLC in connection with the purchase of real property in McCormick County located on Savannah Lake.

4.    All legal work was performed in South Carolina and was relative to property which is located within the State of South Carolina.

5.    I have never executed a contract in which I agreed to have the laws of the State of Massachusetts govern any dispute which may arise with respect to the services performed for Buyers Source.

6.    I am not, nor have I ever been, licensed to practice law in the State of Massachusetts.

7.    I have not entered into a contract to be performed in the State of Massachusetts.

8.    I do not own any property in the State of Massachusetts.

9.    I have never had any business dealings in the State of Massachusetts.

10.    I have never traveled to or been within the borders of the State of Massachusetts.

FURTHER AFFIANT SAYETH NOT.

_____
William Gregory Seigler

SWORN to and subscribed before me
this 13 TH day of AUGUST, 2004.

_____
Notary Public for South Carolina
My Commission Expires: 10-16-06

2