UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| LITCHFIELD FINANCIAL CORPORATION, TEXTRON FINANCIAL CORPORATION, LAND FINANCE COMPANY, <br>     Plaintiffs, <br><br> v. <br><br> BUYERS SOURCE REAL ESTATE GROUP, BUYERS SOURCE VALLEY GROUP, LLC, BUYERS SOURCE SUGARMILL, LLC, BUYERS SOURCE, SAVANNAH LAKES, LLC, THOMAS H. BREWER, FREDERICK D. BLAKE, BETTY M. BREWER, SUSAN GARD, HENRY MONTGOMERY, LANNIE CAMPBELL, RONALD P. FERGUSON, STEPHEN A. HUDGINS, ESQUIRE, STEPHEN A. HUDGINS, PC, HUDGINS & STALLINGS, PC, J. VANCE STALLINGS, ESQUIRE, JOHN C. LUMPKIN, ESQUIRE, JOHN C. LUMPKIN, PC, WILLIAM GREGORY SEIGLER, ESQUIRE, <br>     Defendants. | CIVIL ACTION NO. 04-CV-30076 KPN |

## ANSWER

NOW COME Defendants, John C. Lumpkin, Esquire, and John C. Lumpkin, P.C. (collectively the "Defendants"), by and through their counsel, Devine, Millimet & Branch, P.A., as and for their answer to the Complaint of the Plaintiffs, Litchfield Financial Corporation, Textron Financial Corporation and Land Finance Company, and state as follows:

{15739\71169\A0074509.1}

1. The Defendants are without sufficient information to admit or deny paragraph 1, and therefore deny and require strict proof thereof.

2. The Defendants are without sufficient information to admit or deny paragraph 2, and therefore deny and require strict proof thereof.

3. The Defendants are without sufficient information to admit or deny paragraph 3, and therefore deny and require strict proof thereof.

4. The Defendants are without sufficient information to admit or deny paragraph 4, and therefore deny and require strict proof thereof.

5. The Defendants are without sufficient information to admit or deny paragraph 5, and therefore deny and require strict proof thereof.

6. The Defendants are without sufficient information to admit or deny paragraph 6, and therefore deny and require strict proof thereof.

7. The Defendants are without sufficient information to admit or deny paragraph 7, and therefore deny and require strict proof thereof.

8. The Defendants are without sufficient information to admit or deny paragraph 8, and therefore deny and require strict proof thereof.

9. The Defendants are without sufficient information to admit or deny paragraph 9, and therefore deny and require strict proof thereof.

10. The Defendants are without sufficient information to admit or deny paragraph 10, and therefore deny and require strict proof thereof.

11. The Defendants are without sufficient information to admit or deny paragraph 11, and therefore deny and require strict proof thereof.

12. The Defendants are without sufficient information to admit or deny paragraph 12, and therefore deny and require strict proof thereof.

13. The Defendants are without sufficient information to admit or deny paragraph 13, and therefore deny and require strict proof thereof.

14. The Defendants are without sufficient information to admit or deny paragraph 14, and therefore deny and require strict proof thereof.

15. The Defendants are without sufficient information to admit or deny paragraph 15, and therefore deny and require strict proof thereof.

16. The Defendants are without sufficient information to admit or deny paragraph 16, and therefore deny and require strict proof thereof.

17. Allegations of paragraph 17 do not appear to require a response but in the abundance of caution Defendants deny the allegations of paragraph 17

18. The Defendants are without sufficient information to admit or deny paragraph 18, and therefore deny and require strict proof thereof.

19. The Defendants are without sufficient information to admit or deny paragraph 19, and therefore deny and require strict proof thereof.

20. The Defendants deny the allegations of paragraph 20 and aver that any alleged inaccurate representations made on their part were caused and/or precipitated by the misrepresentations and/or negligence of third parties for which the Defendants had no control.

21. The Defendants are without sufficient information to admit or deny paragraph 21, and therefore deny and require strict proof thereof.

22. The Defendants are without sufficient information to admit or deny paragraph 22, and therefore deny and require strict proof thereof.

23. The allegations of paragraph 23 do not appear to require a response; in the event a response to allegations of fact is required, the same are denied.

24. The Defendants incorporate their responses to the allegations of paragraphs 1 through 23 in response to paragraph 24.

25. The Defendants are without sufficient information to admit or deny paragraph 25, and therefore deny and require strict proof thereof.

26. The Defendants are without sufficient information to admit or deny paragraph 26, and therefore deny and require strict proof thereof.

27. The Defendants are without sufficient information to admit or deny paragraph 27, and therefore deny and require strict proof thereof.

28. The Defendants are without sufficient information to admit or deny paragraph 28, and therefore deny and require strict proof thereof.

29. The allegations of paragraph 29 that this Court has personal jurisdiction over John C. Lumpkin, Esquire and John C. Lumpkin, P.C. are legal conclusions to which no response is required; to the extent that paragraph 29 alleges facts, the same are denied.

30. The Defendants are without sufficient information to admit or deny paragraph 30, and therefore deny and require strict proof thereof.

31. Defendants deny the allegations of paragraph 31, and affirmatively aver that these Defendants have not entered into any agreement with the Plaintiffs that would preclude the trial of this matter by a jury.

32. Defendants incorporate their responses to the allegations of paragraphs 1 through 31 in response to paragraph 32.

33. The Defendants are without sufficient information to admit or deny paragraph 33, and therefore deny and require strict proof thereof.

34. The Defendants are without sufficient information to admit or deny paragraph 34, and therefore deny and require strict proof thereof.

35. The Defendants are without sufficient information to admit or deny paragraph 35, and therefore deny and require strict proof thereof.

36. Defendants deny the allegations of paragraph 36 as it relates to the Defendants answering herein, and aver that any alleged incorrect statements made on their part were caused and/or precipitated by the misrepresentations and/or negligence of third parties for which Defendants had no control; with respect to the opinions allegedly given by the Defendants, they speak for themselves.

37. The allegations of paragraph 37 contain legal conclusions to which no response is required; to the extent that paragraph 37 alleges facts, the same are denied.

38. The Defendants are without sufficient information to admit or deny paragraph 38, and therefore deny and require strict proof thereof.

39. The allegations of paragraph 39 contain legal conclusions to which no response is required; to the extent that paragraph 39 alleges facts, the same are denied.

40. Paragraph 40 alleges that Plaintiff Litchfield Financial relied upon certain statements in the opinion given by the Defendants, which Defendants deny.

The remaining allegations appear to relate to other Defendants, constitute legal conclusions, and/or do not state understandable facts, and therefore are denied.

41. The Defendants are without sufficient information to admit or deny paragraph 41, and therefore deny and require strict proof thereof.

42. The Defendants are without sufficient information to admit or deny paragraph 42, and therefore deny and require strict proof thereof.

## COUNT I

43. The Defendants incorporate their responses to the allegations of paragraphs 1 through 42 in response to paragraph 43.

44. The Defendants are without sufficient information to admit or deny paragraph 44, and therefore deny and require strict proof thereof.

45. The Defendants are without sufficient information to admit or deny paragraph 45, and therefore deny and require strict proof thereof.

46. The Defendants are without sufficient information to admit or deny paragraph 46, and therefore deny and require strict proof thereof.

## COUNT II

47. The Defendants incorporate their responses to the allegations of paragraphs 1 through 46 in response to paragraph 47.

48. The Defendants are without sufficient information to admit or deny paragraph 48, and therefore deny and require strict proof thereof.

49. The Defendants are without sufficient information to admit or deny paragraph 49, and therefore deny and require strict proof thereof.

50. The Defendants are without sufficient information to admit or deny paragraph 50, and therefore deny and require strict proof thereof.

51. The Defendants are without sufficient information to admit or deny paragraph 51, and therefore deny and require strict proof thereof.

52. The Defendants are without sufficient information to admit or deny paragraph 52, and therefore deny and require strict proof thereof.

53. The Defendants are without sufficient information to admit or deny paragraph 53, and therefore deny and require strict proof thereof.

54. The Defendants are without sufficient information to admit or deny paragraph 54, and therefore deny and require strict proof thereof.

55. The Defendants are without sufficient information to admit or deny paragraph 55, and therefore deny and require strict proof thereof.

56. The Defendants are without sufficient information to admit or deny paragraph 56, and therefore deny and require strict proof thereof.

57. The Defendants are without sufficient information to admit or deny paragraph 57, and therefore deny and require strict proof thereof.

58. The Defendants are without sufficient information to admit or deny paragraph 58, and therefore deny and require strict proof thereof.

59. The Defendants are without sufficient information to admit or deny paragraph 59, and therefore deny and require strict proof thereof.

60. The Defendants are without sufficient information to admit or deny paragraph 60, and therefore deny and require strict proof thereof.

## COUNT III

61. The Defendants incorporate their responses to the allegations of paragraphs 1 through 60 in response to paragraph 61.

62. The Defendants deny the allegations of paragraph 62 as it relates to the Defendants only and aver that any alleged negligent statements made on their part were caused and/or precipitated by the misrepresentations and/or negligence of third parties for which Defendants had no control.

63. The Defendants deny the allegations of paragraph 63 as it relates to the Defendants only and aver that any alleged false statements made on their part were caused and/or precipitated by the misrepresentations and/or negligence of third parties for which Defendants had no control.

64. The Defendants are without sufficient information to admit or deny paragraph 64, and therefore deny and require strict proof thereof.

65. The Defendants are without sufficient information to admit or deny paragraph 65, and therefore deny and require strict proof thereof.

66. The Defendants deny the allegations of paragraph 66 as it relates to the Defendants only and aver that any alleged false information communicated to any entity by them was caused and/or precipitated by the misrepresentations and/or negligence of third parties for which Defendants had no control.

## COUNT IV

67. The Defendants incorporate their responses to the allegations of paragraphs 1 through 66 in response to paragraph 67.

68. The Defendants are without sufficient information to admit or deny paragraph 68, and therefore deny and require strict proof thereof.

69. The Defendants are without sufficient information to admit or deny paragraph 69, and therefore deny and require strict proof thereof.

70. The Defendants are without sufficient information to admit or deny paragraph 70, and therefore deny and require strict proof thereof.

71. The Defendants are without sufficient information to admit or deny paragraph 71, and therefore deny and require strict proof thereof.

## COUNT V

72. The Defendants incorporate their responses to the allegations of paragraph 1 through 71 in response to paragraph 72.

73. The Defendants are without sufficient information to admit or deny paragraph 73, and therefore deny and require strict proof thereof.

74. The Defendants are without sufficient information to admit or deny paragraph 74, and therefore deny and require strict proof thereof.

75. The Defendants are without sufficient information to admit or deny paragraph 75, and therefore deny and require strict proof thereof.

76. The Defendants are without sufficient information to admit or deny paragraph 76, and therefore deny and require strict proof thereof.

77. The Defendants are without sufficient information to admit or deny paragraph 77, and therefore deny and require strict proof thereof.

## COUNT VI

78. The Defendants incorporate their responses to the allegations of paragraphs 1 through 77 in response to paragraph 78.

79. The Defendants deny the allegations of paragraph 79 as it relates to the Defendants only and aver that any alleged faulty legal opinions rendered by them were caused and/or precipitated by the misrepresentations and/or negligence of third parties for which Defendants had no control.

80. The allegations of paragraph 80 contain conclusions of law to which no response is required; to the extent that paragraph 80 alleges facts, the same are denied.

## AFFIRMATIVE DEFENSES

81. Furthermore, NOW COME the Defendants, John C. Lumpkin, Esquire and John C. Lumpkin, P.C., and state the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

82. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

83. Some or all of the Plaintiffs' claims are or may be barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

84. No act or omission to act of these Defendants proximately caused any injury or damages to the Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

85. The acts, omissions, or actions of one or more third parties proximately caused the Plaintiffs alleged injuries and damages.

## FIFTH AFFIRMATIVE DEFENSE

86. The Plaintiffs were comparatively negligent such that the Plaintiffs' right to recover is barred or proportionately reduced by the amount of their negligence.

## SIXTH AFFIRMATIVE DEFENSE

87. There is a lack of proximate causation between any actions or failure to act by these Defendants and any of the damages or injuries suffered by the Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

88. The Plaintiffs are equitably estopped from raising the claims set forth in the Complaint on the basis of their own actions and knowledge.

## SEVENTH AFFIRMATIVE DEFENSE

89. These Defendants are entitled to set off based upon any damages awarded to the Plaintiffs from claims brought against other Defendants in this or other jurisdictions.

## DEMAND FOR JURY TRIAL

90. The Defendants, John C. Lumpkin, Esquire, and John C. Lumpkin, P.C., respectfully demand a trial by jury on all issues so triable.

DEFENDANTS,
JOHN C. LUMPKIN, ESQUIRE AND
JOHN C. LUMPKIN, P.C.
By their attorneys,

*/s/ George R. Moore*
George R. Moore, BBO #656102
DEVINE, MILLIMET & BRANCH, PA
300 Brickstone Square, 9th Floor
P.O. Box 39
Andover, MA 01810
(978) 475-9100

Of Counsel:
Charles M. Lollar, Esquire
Tanner, Mulkey, Gordon & Lollar, P.C.
5700 Lake Wright Drive, Suite 102
Norfolk, VA 23502
Tel: 757-274-7000

## Certificate Of Service

I hereby certify that a copy of the foregoing has this 20th day of August, 2004 been forwarded by U.S. First Class Mail to:

Counsel for Plaintiffs:
Jeffrey L. McCormick, Esquire
Robinson Donovan, PC
1500 Main Street
PO Box 15609
Springfield, MA 01115
Tel: 413-732-2301

Counsel for William Gregory Seigler, Esquire:
Peter M. Durney, Esquire
Cornell & Gollub
75 Federal Street
Boston, MA 02110
Tel: 617-482-8100

Pro Hac Vice Counsel for William Gregory Seigler, Esquire:
Samuel Outten, Esquire
Womble, Carlyle, Sandridge & Rice
Poinsett Plaza, Suite 700
104 South Main Street
Post Office Box 10208
Greenville, SC 29603-0208
Tel: 864-255-5400

/s/ George R. Moore
George R. Moore, BBO #656102
DEVINE, MILLIMET & BRANCH, PA
300 Brickstone Square, 9th Floor
P.O. Box 39
Andover, MA 01810
(978) 475-9100

{15739\71169\A0074509.1}    13