IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| Litchfield Financial Corporation ) | Civil Action No. 04CV30076KPN |
| Textron Financial Corporation ) | |
| Land Finance Company ) | |
| ) | |
| *Plaintiffs* ) | |
| v. ) | |
| ) | |
| Buyers Source Real Estate Group, et al ) | |
| ) | |
| *Defendants* ) | |

**DEFENDANT'S THOMAS H. BREWER AND BETTY M. BREWER'S MOTION TO STAY AND MOTION TO TOLL ANY APPLICABLE STATUTE OF LIMITATIONS TO FILE A COUNTER CLAIM AGAINST PLAINTIFFS**

The Defendants, Thomas H. Brewer and Betty M. Brewer, respectfully move this Court for an Order staying this civil action against Defendants. The Defendants, Thomas H. Brewer and Betty M. Brewer, also respectfully moves this Court for an Order tolling any applicable statute of limitations running on any of Defendants counter-claims against the Plaintiffs or cross claims related to the Plaintiffs' civil action.

In support of these Motions, the Defendants state as follows:

1. On August 3, 2004, the United States District Court for the Eastern District of Virginia issued an Order Appointing Receiver that states except leave of that Court, during the pendency of the Receivership ordered herein, all defendants' customers, investors and creditors seeking to establish or enforce any claim, right, or interest against the Receivership Defendants relating to Buyers Source Sugarmill, L.L.C., a Virginia limited liability company, Buyers Source Valley Group, L.L.C., a Virginia limited liability company, Island Realty, L.L.C. f/k/a Buyers

1

Source Island, L.L.C., an Arkansas limited liability company, (collectively referred to as "Buyers Source"), and Belmont Properties, Inc., a Virginia corporation, and all others acting for or on behalf of such persons, including attorneys, trustees, agents, sheriffs, constables, marshals and other officers and their deputies, and their respective attorneys, servants, agents, and employees, are hereby stayed and restrained from:

    a. commencing, prosecuting, continuing, or enforcing any suit or proceedings against the Receivership Defendants, except that such actions may be filed to toll any applicable statutes. (See copy of Federal Court Order attached hereto).

    2. Buyers Source Real Estate Group, Buyers Source Valley Group, LLC, Buyers Source, Sugarmill, LLC, Buyers Source, Savannah, LLC, Thomas H. Brewer, Betty M. Brewer, Susan Gard, Henry Montgomery and Lannie Campbell, all defendants in this action, are Receivership Defendants in the Order Appointing Receiver that was filed in the United States District Court for the Eastern District of Virginia.

    3. Defendants, Thomas H. Brewer and Betty M. Brewer, have every intent of proceeding with counter claims against Plaintiffs should Plaintiffs be granted leave from the United States District Court for the Eastern District of Virginia to proceed against Defendants.

    4. Until such time Plaintiffs are granted leave to proceed against the Receivership Defendants, Defendants Thomas H. Brewer and Betty M. Brewer are not inclined to proceed with counter claims against Plaintiffs, which involve some of the same facts as Plaintiffs claims. Additionally, venue in the Western District of Massachusetts is improper because this is not the judicial district in which a substantial part of the acts, events or omissions giving rise to Plaintiffs' claims and Defendant's counter claims occurred.

5. Because Plaintiff's claims against Defendants Thomas H. Brewer and Betty M. Brewer rest upon divergent legal theories for relief than the counter claims of Defendants against Plaintiff, an Order tolling any applicable statute of limitations on Defendant's counter claims against Plaintiff until such time as Plaintiff is granted leave to proceed against Defendants is necessary to preserve Defendant's right to produce their counter claims against Plaintiffs.

**IN CONSIDERATION WHEREFORE,** Thomas H. Brewer and Betty M. Brewer pray this honorable Court ORDER stay of these proceedings against the Defendants and prays this honorable Court ORDER that any applicable stature of limitations on Defendants, Thomas H. Brewer and Betty M. Brewer's counter claims against Plaintiff are tolled until such time as Plaintiff is granted leave to proceed against Defendants.

Respectfully submitted,                              Respectfully submitted,

_____                              _____
**Thomas H. Brewer**                                 **Betty M. Brewer**
113 Northgate Lane                                   113 Northgate Lane
Suffolk, Virginia 23434                              Suffolk, Virginia 23434

## CERTIFICATE OF SERVICE

A copy of the foregoing Motion was serviced by First Class U.S. Mail this 10th day of September, 2004 upon the following:

Jeffrey L. McCormick, Esq.
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115

Samuel W. Outten, Esq.
P.O. Box 10208
Greenville, SC 29603-0208

Frederick D. Blake
705 Mobjack Place
Newport News, VA 23606

Ronald P. Ferguson
6395 Lake View Drive
Falls Church, VA 22040

Peter M. Durney, Esq.
Cornell & Gollub
75 Federal Street
Boston, Massachusetts 02110

George R. Moore, Esq.
Devine Millimet
P.O. Box 39
Andover, MA 01810

Lannie Campbell
One Harbor Court, #3D
Portsmouth, VA 23704

Henry Montgomery
396 Baldwin Drive
Howard, OH 43028

_____
Thomas H. Brewer

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



ALPHONSO JACKSON,
   SECRETARY OF HOUSING AND
   URBAN DEVELOPMENT,

            PLAINTIFF,

v.

BUYERS SOURCE SURGARMILL, L.L.C.
BUYERS SOURCE SAVANNAH, L.L.C.
BUYERS SOURCE VALLEY GROUP, L.L.C.
ISLAND REALTY, L.L.C.
BSMC, INC.,
BELMONT PROPERTIES, INC.
ONE SOURCE EQUITY, L.L.C.
FREDERICK BLAKE, THOMAS BREWER,
LANNY CAMPBELL (A/K/A MEX
CAMPBELL), SUSAN GARD,
HENRY MONTGOMERY,
SUSAN SMOTHERS (A/K/A SUSAN
STROTHERS), JO ANNE BARROS,
DARRELL BROOKS, PATRICK CAMPBELL,
MIKE DURHAM, BILL ELKO,
GEORGE HAYDU, LEON LUCARELLI
(A/K/A LEON MASTERSON),
BEVERLY MCPHERSON, DAWN MOCK,
CHRIS MONTGOMERY, GREGORY
SANJURJO, JEFF VOTAW,
SANDY WILLIAMS,

            DEFENDANTS.

CIVIL ACTION NO. 2:03CV591

## ORDER APPOINTING RECEIVER

This matter comes before the Court upon the Motion to Appoint Receiver filed by Plaintiff, Alphonso Jackson. Upon consideration thereof, and for good cause shown, it is **ORDERED** as follows:

    1. Donna J. Hall is appointed as receiver (the "Receiver") without bond, with the full power of an equity receiver, for Defendants Thomas Brewer, Frederick Blake, Lannie Campbell, Susan Gard, Henry Montgomery, and Sue Smothers, as well as any other Defendants whom this Court orders to disgorge profits or individuals or entities who enter into settlement

1

agreements with Plaintiff in connection with the prior activities of any Defendant (collectively, the "Receivership Defendants").

2. The Receivership Estate shall be defined as all funds, property, and other assets that the Receiver collects or is entitled to collect from the Receivership Defendants.

3. The Receiver is directed, and has the authority, to:

a. take custody, control, and possession of all the funds, property, and other assets that are to be transferred to the Receiver by the Receivership Defendants under the provisions of their Settlement Agreements with Plaintiff or pursuant to an order of this Court;

b. open bank accounts in the name of the Receiver and transfer any funds collected from the Receivership Defendants to those accounts;

c. preserve, hold, and manage the Receivership Estate's assets, and perform all acts necessary to preserve the value of those assets;

d. disburse funds that the Receiver deems necessary and advisable to preserve the property of the Receivership Estate or carry out the Receiver's mandate under this Order;

e. collect any monies owed on promissory notes assigned to the Receiver by the Receivership Defendants, except as set forth in agreements between Plaintiff and Receivership Defendants;

f. institute, defend, compromise, intervene in, become a party to or otherwise dispose of any or all actions or proceedings in local, state, federal, or foreign courts, including but not limited to bankruptcy court, that the Receiver deems necessary and advisable to preserve the property of the Receivership Estate or carry out the Receiver's mandate under this Order, provided that, where practicable, the Receiver shall consult with the U.S. Department of

Justice ("DOJ") and the U.S. Department of Housing and Urban Development ("HUD") in advance of commencing any such proceeding, or if it not practicable to do so, the Receiver shall consult with DOJ and HUD as soon as practicable following the commencement of said proceeding. Regardless of when notice occurs, DOJ and HUD may choose at their sole discretion to participate in such proceedings in lieu of the Receiver, to permit the Receiver to participate in such proceedings, or to take or permit no action with respect to such proceedings;

g. hire paralegals, real estate agents and appraisers, title companies, attorneys, consultants, experts, and accountants as needed to assist with the management of the Receivership Estate;

h. record this Order in any jurisdiction in which the Receivership Defendants own or control property and serve this Order on any person or entity the Receiver deems appropriate in furtherance of her responsibilities in this matter;

i. obtain a tax identification number for the Receivership Estate;

j. take such action as is necessary or expedient to marshal, collect, conserve, or protect the Receivership Estate's assets, including but not limited to, the power to investigate and determine whether the Receivership Defendants have complied and continue to comply with the asset and income reporting provisions of the Settlement Agreements, and in general to uncover any concealed assets or income, as well as the power to sell, compound, compromise, or assign debts for purposes of collection upon such terms and conditions as the Receiver deems appropriate, and the power to initiate and maintain actions at law or equity or any other type of

action or proceeding of any nature, in this and other jurisdictions, and to pursue any remedies available to enforce the Receivership Estate's claim, subject to the limitations provided in Paragraph 3(f);

k. conduct public and private sales of the assets and property transferred to the Receiver under the Settlement Agreements, including any real or personal property;

l. prepare, execute, acknowledge, and deliver any and all deeds, assignments, releases, and other instruments necessary or proper to effectuate any sale of property or other transaction in connection with the Receivership;

m. enter into such contracts as are necessary to carry out this Order;

n. prepare and file any necessary documents for recording of deeds or deeds of trust in this state or wherever the real property of the Receivership Defendants is located;

o. distribute Receivership funds according to a plan that shall be provided by further order of this Court; and

p. perform such further and additional acts as the Receiver deems necessary or appropriate for the accomplishment of the purpose of the Receivership.

4. The Court approves the Receiver's engagement and employment of Troutman Sanders LLP.

5. The Receiver shall comply with all orders issued by this Court, including consent orders entered pursuant to the Settlement Agreements, and shall honor all provisions of the Agreements, including provisions with respect to waiver of claims, release of property, and collection rights.

6. The Receiver, as well as and her attorneys, paralegals, and support staff at Troutman Sanders LLP (collectively "Troutman Sanders"), shall be compensated for services

rendered to the Receivership from the Receivership Estate during the pendency of the case. The Receiver shall not pay any compensation to herself or Troutman Sanders except as provided by Paragraph 9.

7. The Receiver and Troutman Sanders shall also be entitled to compensation for legal services rendered and costs advanced on behalf of the Receivership Estate prior to entry of this Order. The Receiver must submit a written request for these fees and expenses as part of her first application for allowance of interim compensation and expenses, in the manner indicated in Paragraphs 9 and 10.

8. The hourly rates proposed for the Receiver and Troutman Sanders as set forth on the attached Exhibit A reflect a 15% discount on hourly billing rates for services rendered by members, associates, and paralegals of Troutman Sanders charged to other clients for services rendered during the calendar year 2004, and are reasonable. Commencing in 2005, the Receiver and her attorneys are authorized to ask Plaintiff and DOJ for increases in those hourly rates consistent with the usual and customary practices of the Receiver and Troutman Sanders. In the event that the parties cannot reach agreement after a good faith attempt to do so, the Receiver may apply to the Court for an increase in fees.

9. The Receiver and Troutman Sanders shall be compensated according to the hourly rates set forth on the attached Exhibit A. Compensation and reimbursement for costs incurred, subject to Paragraph 10, shall be paid from the Receivership Estate as follows: The Receiver may each month submit an interim application to Plaintiff and DOJ for 80% of the amount of compensation and 100% of expenses advanced. Plaintiff and DOJ shall have fifteen (15) days from receipt of Receiver's application to object to the interim application. If Plaintiff and DOJ do not object, the Receiver may then receive the interim application amount from the Receivership Estate, subject to the Court's ultimate approval of the quarterly fee application or later objection by Plaintiff or DOJ. If Plaintiff and DOJ object to any amount in Receiver's interim application, the Receiver may seek such amount from the Court on her next quarterly fee application. If this Court denies any amount of the fee application that Plaintiff and DOJ had

provisionally approved, the Receiver must return that amount to the Receivership Estate.

10. The Receiver shall take steps to limit her fees in order to maximize the funds available for distribution, including:

    a. carefully monitoring the delegation of duties in the case so that work is delegated to members, associates, and paralegals of Troutman Sanders LLP, who can perform the tasks most cost-efficiently;

    b. forwarding quarterly status reports to Plaintiff and to DOJ, including information on the total fees due to the Receiver and Troutman Sanders as of the end of the prior month and all amounts on deposit in the Receivership Estate's bank accounts and certificates of deposit;

    c. not billing the Receivership Estate for more than 25% of the total funds collected absent approval from Plaintiff and DOJ;

    d. ceasing to collect funds or certain tasks and commencing distribution if or when Plaintiff and DOJ decide that it is in the best interest of the Receivership to spend no further Receivership Estate money on attorney's fees;

    e. not billing the Receivership Estate for expenses such as faxes, long distance telephone calls, postage (including Federal Express, UPS, or similar overnight services), access to computerized research services (such as Lexis/Nexis and Westlaw), and printing and photocopying performed in-house; and

    f. providing a 15% discount on hourly billing rates for services rendered by members, associates, and paralegals of Troutman Sanders charged to other clients for services rendered during the calendar year 2004.

11. Except by leave of this Court, no portion of the Receivership Estate may be seized as part of a civil or criminal forfeiture proceeding. Should this Court grant such leave, nothing in this Order shall preclude the Receiver from applying to any forfeiture authorities for the release of funds for the purposes of obtaining compensation for services rendered in this matter.

12. Except by leave of this Court, during the pendency of the Receivership ordered herein, all defendants' customers, investors and creditors seeking to establish or enforce any claim, right, or interest against the Receivership Defendants relating to Buyers Source Surgarmill, L.L.C., a Virginia limited liability company, Buyers Source Savannah, L.L.C., a Virginia limited liability company, Buyers Source Valley Group, L.L.C., a Virginia limited liability company, Island Realty, L.L.C. f/k/a Buyers Source Island, L.L.C., an Arkansas limited liability company (collectively referred to as "Buyers Source"), and Belmont Properties, Inc., a Virginia corporation, and all others acting for or on behalf of such persons, including attorneys, trustees, agents, sheriffs, constables, marshals and other officers and their deputies, and their respective attorneys, servants, agents, and employees, are hereby stayed and restrained from:

    a. commencing, prosecuting, continuing, or enforcing any suit or proceeding against the Receivership Defendants, except that such actions may be filed to toll any applicable statute of limitations;

    b. accelerating the due date of any claimed obligation, enforcing any lien upon, taking or attempting to take or retain possession of any property of the Receivership Defendants or any property claimed by the Receivership Defendants, or attempting to foreclose, forfeit, alter, or terminate any of the Receivership Defendants' interests in property, whether such acts are part of a judicial proceeding or otherwise;

    c. using self-help or executing or issuing, or causing the execution or issuance of, any court attachment, subpoena, replevin, execution or

            other process for the purpose of impounding or taking possession of, or interfering with, or creating or enforcing a lien upon any property, wheresoever located, owned by or in the possession of the Receivership Defendants, or the Receiver or any agent appointed by the Receiver;

    d.    causing any Receivership Defendant or the Receivership Estate to be placed in involuntary bankruptcy; and

    e.    taking any action or doing anything whatsoever to interfere with the Receiver taking control, possession, or management of the property subject to the Receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the property and assets of the Receivership Defendants.

13.    The Receivership Defendants and all others acting for or on behalf of such persons, including attorneys, trustees, servants, agents, and employees shall fully cooperate with and assist the Receiver, and are hereby restrained and enjoined from directly hindering or obstructing the Receiver in any manner.

14.    All secured or unsecured creditors or parties, pledge holders, lien holders, collateral holders, or other persons claiming secured, unsecured, priority, or preferred interest in any property or assets of the Receivership Estate, including any governmental entity, are hereby enjoined from taking any steps whatsoever to transfer, sell, encumber, attach, dispose of, or exercise purported rights in or against the property or assets of the Receivership Estate without the consent of the Receiver.

15.    Upon the effective date of this Order, the Receivership Defendants and all others acting for or on behalf of such persons, including attorneys, trustees, servants, agents, and employees shall transfer or deliver possession, custody, and control of all assets required to be transferred to the Receiver under the Settlement Agreements or order of this Court, consistent

8

with the terms of the Settlement Agreements or order of this Court.

16. In the event that any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of the preceding paragraph, the Receiver is instructed to file *ex parte* an affidavit regarding the failure. Upon filing of an affidavit, the Court may authorize, without additional process or demand, writs of possession or sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, city, or town (pursuant to Fed. R. Civ. P. 4(c)(1)) to seize the asset, document, or other thing and deliver it to the Receiver, in addition to any other remedy provided by settlement agreements between Plaintiff and any Receivership Defendants.

17. Except for an act of gross negligence, the Receiver, Troutman Sanders LLP, and all persons engaged or employed by the Receiver and/or Troutman Sanders LLP, shall not be liable for any loss or damage incurred by the Receivership Defendants, or any other person or entity, by reason of any act performed or omitted to be performed by them in connection with the discharge of their duties and responsibilities in this matter.

18. The Court retains jurisdiction over this case until all Receivership funds have been disbursed, and may issue any orders necessary to enforce this Order and to effectuate its terms.

The Clerk is **REQUESTED** to mail a copy of this Order to all counsel of record. It is so **ORDERED**.

/s/ Henry Coke Morgan
HENRY COKE MORGAN, JR.
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 3, 2004

## Exhibit A

|  | Name of Attorney/Paralegal | Practice Area | Receivership Hourly Rate |
|---|---|---|---|
| Receiver | Donna Hall | Litigation | $235.00 |
| Associate | Harris Winsberg | Litigation | $210.00 |
| Associate | Vivieon Kelley | Litigation | $160.00 |
| Associate | Ken Whitehurst | Litigation | $160.00 |
| Paralegal | Karen Shelters | Litigation | $100.00 |
| Partner | Rick Beale | Real Estate | $275.00 |
| Associate | Jeff Maynard | Real Estate | $210.00 |
| Paralegal | Judy Smith | Real Estate | $ 95.00 |
| Paralegal | Jeanne Younger | Real Estate | $ 95.00 |
| Partner | Bryan Lavine | Tax | $275.00 |
| Associate | Tim Phillips | Tax | $210.00 |