IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| Litchfield Financial Corporation, *et al.*, ) <br> ) <br> ***Plaintiffs*** ) <br> ) <br> v. ) <br> ) <br> Buyers Source Real Estate Group, *et al.*, ) <br> ) <br> ***Defendants*** ) <br> ) | No. 04-CV-30076-KPN |

**PLAINTIFFS' RESPONSE TO DEFENDANTS THOMAS H. BREWER AND BETTY M. BREWER'S MOTION TO STAY AND MOTION TO TOLL ANY APPLICABLE STATUTE OF LIMITATIONS TO FILE A COUNTERCLAIM AGAINST PLAINTIFFS**

Plaintiffs Litchfield Financial Corporation ("Litchfield FC"), Land Finance Company ("Land FC"), and Textron Financial Corporation ("TFC") (collectively, "the LFC Plaintiffs"), respond as follows to the Brewers' Motion for Stay and to Toll Any Applicable Statute of Limitations.

The LFC Plaintiffs are aware of the Order Appointing Receiver ("Order") entered by the U.S. District Court for the Eastern District of Virginia in <u>Jackson v. Buyers Source Sugarmill, LLC, et al.</u>, (Civil Action Number 2:03cv591) on August 3, 2004. The LFC Plaintiffs agree that paragraph 12(a) of that Order limits the ability of the LFC Plaintiffs to prosecute this action in this Court against the following ten defendants (who are "Receivership Defendants" referenced in the Order): Buyers Source Real Estate Group; Buyers Source Valley Group, LLC; Buyers Source Sugarmill, LLC; Buyers Source Savannah, LLC; Thomas H. Brewer; Betty M. Brewer; Frederick D. Blake; Susan Gard; Henry Montgomery; and Lannie Campbell. The LFC Plaintiffs have no intention of violating the Order by taking further action in this case against these

defendants. The LFC Plaintiffs are going to seek relief from the Order in the action pending in the Eastern District of Virginia so that this case can proceed as to those defendants.

The following seven defendants in this action are not covered by the Order: Ronald Ferguson, Stephen A. Hudgins, Hudgins & Stallings, P.C.; Stephen A. Hudgins, P.C.; John C. Lumpkin; John C. Lumpkin, P.C.; and William Gregory Seigler.[1] Consequently, there is no need for this Court to stay proceedings for the entire case as the LFC Plaintiffs can proceed against these defendants at this time.

The Brewers' request for tolling concerning a possible counterclaim comes too late. Federal Rule of Civil Procedure 13(a) provides:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. . . .

The Rule clearly requires that any counterclaim against the LFC Plaintiffs by either of the Brewers relating to this matter should have been included in the Brewers' Answers. Each of the Brewer Defendants filed an Answer in this case on August 10, 2004. Neither of them asserted a counterclaim against the LFC Plaintiffs. Therefore, they have waived their right to bring a counterclaim, and this Court should not toll any statute of limitations for the Brewers.

Finally, the Brewers know full well that they consented to venue in this Court when they executed guarantees to the LFC Plaintiffs that provided that any proceedings would take place in the federal or state courts in Massachusetts. A copy of one of the guarantees executed by each of them is attached as Exhibit A and B respectively. See each Guarantee page 6, ¶ 4(ii). It is much

---

[1] The LFC Plaintiffs intend to file a Stipulation of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(i) as to defendant J. Vance Stallings.

2

too late for the Brewers to claim that venue in this Court is improper as to them. Their motion offers no justification for ignoring the clear language of the guarantees.

For the reasons stated above, Plaintiffs Litchfield FC, Land FC, and TFC, ask this Court to stay the action only as to the ten defendants identified so long as the Order of the Eastern District of Virginia Court remains unmodified. In all other respects, this Court should deny the Brewers' motion.

Dated: September 24, 2004

Respectfully submitted,
Counsel for Plaintiffs

LITCHFIELD FINANCIAL COMPANY
TEXTRON FINANCIAL CORPORATION
AND LAND FINANCE COMPANY

By: _____

Jeffrey L. McCormick, Esq. of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301   Fax (413) 785-4658
BBO No. 329740

Counsel for Plaintiffs

Of Counsel:
Christopher F. Dugan
James E. Anklam
Jeremy P. Evans
Paul, Hastings, Janofsky & Walker, LLP
1299 Pennsylvania Avenue, NW, 10th Floor
Washington, DC 20004-2400
202/508-9500
202/508-9700 (fax)

WDC/286952v1

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

Date: _____ 9/24/04 _____

3