IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

FILED
CLERK'S OFFICE

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Litchfield Financial Corporation, *et al.*, ) <br> ) <br> ***Plaintiffs*** ) <br> v.  ) <br> ) <br> Buyers Source Real Estate Group, *et al.*, ) <br> ) <br> ***Defendants*** ) <br> ) | No. 04-CV-30076-KPN |

**PLAINTIFFS' RESPONSE TO DEFENDANTS THOMAS H. BREWER AND
BETTY M. BREWER'S MOTION FOR EXTENSION OF TIME
TO FILE AMENDED ANSWER WITH COUNTERCLAIMS**

Plaintiffs Litchfield Financial Corporation ("Litchfield FC"), Land Finance Company ("Land FC"), and Textron Financial Corporation ("TFC") (collectively, "the LFC Plaintiffs"), respond as follows to the Brewers' Motion for Extension of Time to File Amended Answer with Counterclaims.

As the LFC Plaintiffs stated in their Response to the Brewers' Motion to Stay and Motion to Toll any Applicable Statute of Limitations to file a Counterclaim against Plaintiffs ("Response") filed on September 24, 2004, they are aware of the Order Appointing Receiver ("Order") entered on August 3, 2004, by the U.S. District Court for the Eastern District of Virginia in Jackson v. Buyers Source Sugarmill, LLC, et al., (Civil Action Number 2:03cv591). Indeed, as the LFC Plaintiffs said they would in their Response, they are seeking relief from the Order and have been in discussions with the Receiver relating to a proposed motion to lift the

stay against the ten defendants in this action affected by the Order.[1] The LFC Plaintiffs anticipate bringing a motion before the Court in the Eastern District of Virginia shortly, the purpose of which would be to lift the Order and permit them to proceed against the affected defendants.[2]

The Brewers most recent Motion again seeks leave to file counterclaims against the LFC Plaintiffs (this time in connection with an amended answer) at some future point following the entry of any order lifting the stay in the Eastern District of Virginia. The Brewers, however, fail to respond to the argument raised by the LFC Plaintiffs in their Response that the Brewers waived their right to bring a counterclaim by failing to include one in the Answer they filed with this Court on August 10, 2004 (one week after entry of the Order). As detailed by the LFC Plaintiffs in their Response, Federal Rule of Civil Procedure 13(a) clearly requires that any counterclaim the Brewers wish to assert should have been included at the time the Brewers filed their Answer.

The Brewers now claim authority for an extension of time to file counterclaims against the LFC Plaintiffs pursuant to either Federal Rule of Civil Procedure 13(f) or 15(a). Authority to file a counterclaim at this late stage can only come pursuant to the more exacting standards of Rule 13(f) rather than Rule 15(a). See A.J. Industries, Inc. v. U.S. District Court for the District of California, 503 F.2d 384, 388 (9th Cir. 1974) (citing 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1430).

---

[1] These defendants include: Buyers Source Real Estate Group; Buyers Source Valley Group, LLC; Buyers Source Sugarmill, LLC; Buyers Source Savannah, LLC; Thomas H. Brewer; Betty M. Brewer; Frederick D. Blake; Susan Gard; Henry Montgomery; and Lannie Campbell.
[2] Any such motion would likely not affect the settlement agreement between the Brewers and the U.S. Department of Housing and Urban Development entered in the Eastern District of Virginia, wherein the Brewers agreed to pay $155,000 and transfer ownership of two lots to settle the claims brought against them by the government.

Rule 13(f) affords the Court broad discretion within its equitable authority in determining whether to permit a party to file omitted counterclaims. However, it lists only three specific examples to guide the court, authorizing counterclaims in circumstances where they have been omitted through "oversight, inadvertence, or excusable neglect." The Brewers cite to none of these, instead claiming that the reason for their delay in asserting counterclaims is that they will be "costly" and impose "a heavy burden" on the Brewers. Motion, ¶ 5. Furthermore, they offer no indication as to the basis for their counterclaims against the LFC Plaintiffs, other than that they are somehow "valid." Motion, ¶ 5. The most common practice is for party seeking leave to amend out of time to offer the proposed amendment so that the opposing party can argue that any such amendment is futile. The Brewers have not even made such a proffer here.

Accordingly, the LFC Plaintiffs repeat their opposition, first expressed in their Response, and respectfully request that this Court deny the Brewers' most recent motion to file an amended answer with counterclaims.

Dated: October 26, 2004

Respectfully submitted,
Counsel for Plaintiffs

LITCHFIELD FINANCIAL COMPANY
TEXTRON FINANCIAL CORPORATION
AND LAND FINANCE COMPANY

By: _____
Jeffrey L. McCormick, Esq. of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301   Fax (413) 785-4658
BBO No. 329740

Counsel for Plaintiffs

Of Counsel:
Christopher F. Dugan
James E. Anklam
Jeremy P. Evans
Paul, Hastings, Janofsky & Walker, LLP
1299 Pennsylvania Avenue, NW, 10th Floor
Washington, DC 20004-2400
202/508-9500
202/508-9700 (fax)

WDC/289822.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

Date: 10/26/04   _____

4