UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION



| | |
|---|---|
| LITCHFIELD FINANCIAL CORPORATION, TEXTRON FINANCIAL CORPORATION, LAND FINANCE COMPANY,<br><br>*Plaintiffs,*<br><br>v.<br><br>BUYERS SOURCE REAL ESTATE GROUP, et al,<br><br>*Defendants.* | CIVIL ACTION NO. 04-CV-30076 KPN |

**JOINT MOTION AND MEMORANDUM TO TRANSFER
PURSUANT TO 28 U.S.C. § 1404(a)**

NOW COMES, the Defendants, John C. Lumpkin, Esquire, John C. Lumpkin, P.C., Stephen A. Hudgins, Esquire, and Stephen A. Hudgins, P.C., and move the Court to transfer this matter to the United States District Court for the Eastern District of Virginia, Norfolk Division. In support of this motion, movants state as follows:

1. Movants seek to have this matter transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Virginia, Norfolk Division.

2. Section 1404(a) sets forth that the Court for the convenience of the parties and witnesses, in the interest of justice, may transfer any civil action to any other district or division where it might have been brought. The present matter should be heard in the Eastern District of Virginia, Norfolk Division because the great majority of the defendants and witnesses are located in the Norfolk, Virginia metropolitan area.

{15739\71169\A0093988.1}\Lumpkin\A0093988.DOC

3. The Eastern District of Virginia is the more appropriate forum to hear this controversy because almost all of the witnesses and the location of the actions alleged by the Plaintiffs giving rise to their claim occurred in Virginia. Were the Court to retain this matter in Massachusetts, the location would create a tremendous hardship and financial burden upon the defendants and most of the witnesses whose testimony would be required at the trial. Additionally, the Eastern District of Virginia is the court which tried the *Alphonso Jackson v. Buyers Source*, Case No. 2:3cv591, U.S.D.C. Eastern District of Virginia and is uniquely familiar with most of the issues raised in this present matter.

4. Eleven of the eighteen party defendants in this matter are either residents or corporations organized under the laws of and located in the Commonwealth of Virginia. As reflected in the original complaint filed by the plaintiffs, Buyers Source Real Estate Group, Buyers Source Valley Group, LLC; Buyers Source Sugarmill, LLC; Buyers Source Savannah, LLC; Thomas H. Brewer, Frederick D. Blake; Betty M. Brewer; John C. Lumpkin, Esquire, John C. Lumpkin, P.C., Stephen A. Hudgins, Esquire, and Stephen A. Hudgins, P.C. are located in the Commonwealth of Virginia.

5. The Court in considering a motion to transfer under 28 U.S.C. § 1404(a) must determine the threshold issue of whether the suit could have been brought by the Plaintiff in the proposed transferee forum, the Eastern District of Virginia. In the case of the eleven Virginia defendants personal jurisdiction is a given conclusion.

6. Likewise, the non-Virginia defendants by virtue of their association and interaction with Buyers Source Real Estate Group; Buyers Source Valley Group, LLC; Buyers Source Sugarmill, LLC; and Buyers Source Savannah, LLC would fall subject to Virginia's jurisdiction by the activities they directed towards a Virginia resident. The

Fourth Circuit Court of Appeals has held that a "two-step analysis" should be applied to determine whether personal jurisdiction can be obtained over a defendant pursuant to a state's long arm statute. *English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir. 1990); *Peanut Corp. of America v. Hollywood Brands, Inc.*, 696 F.2d 311 (4th Cir. 1982). The Court must first determine whether the statutory language of the relevant long-arm statute applies to the defendant in question, and if it does, then determine whether the statutory assertion of jurisdiction is consistent with the Due Process Clause of the Constitution.

7. In this matter the defendants' purposeful direction of activities towards a forum resident (Buyer Source Defendants) gives rise to personal jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). As specifically set forth by Virginia's Long Arm Statute, Va. Stat. § 8.01-328.1:

> § 8.01-328.1. When personal jurisdiction over person may be exercised
>
> A. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:
>
> 1. Transacting any business in this Commonwealth;
>
> 2. Contracting to supply services or things in this Commonwealth;
>
> 3. Causing tortious injury by an act or omission in this Commonwealth;
>
> 4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth;
>
> 5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

8. In this context, the non-Virginia defendants would clearly fall within Virginia jurisdiction pursuant to Section 1 of the Virginia Long Arm Statute by virtue of their business transactions with the Buyers Source Defendants.

9. Having met this threshold determination that jurisdiction would lie in the transferee forum, the Court may consider several factors in its decision whether the interest of justice would best be served by a transfer. The factors to be considered are 1) convenience of the parties, 2) the convenience of the witnesses, and 3) the availability of documents.[1] *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7 (1st Cir. 1987). The burden of proof rests upon the party seeking the transfer and there is a strong presumption in favor of the plaintiff's choice of forum; however, this presumption is not dispositive. *Coady v. Ashcraft & Gerel*, 223 F.3d 1 (1st Cir. 2000).

10. The Plaintiffs' complaint alleges several acts and omissions on the part of the various defendants which clearly arose in Virginia. Additionally, the allegations center upon various documents and testimony which were revealed in *Alphonso Jackson v. Buyers Source*, Case No. 2:3cv591, Eastern District of Virginia. Defendants contend that almost all of these documents and witnesses from that case would be necessary in the trial of this case. Based upon the various factors that justify a transfer, Defendants contend that Virginia would be a more appropriate and convenient forum because of the majority of defendants, witnesses and documents that are located within Virginia.

11. 28 U.S.C. 1404(a) permits transfers from one federal court to another more convenient federal court. The statute was based upon the common law *forum non*

---

[1] Additional factors were indicated but were limited to issues involving two concurrent actions pending in separate district courts.

*conveniens* doctrine; however, the transfer statute gives the district court greater discretion to transfer than that enjoyed under the common law doctrine. *Mercier v. Sheraton Int'l, Inc.*, 935 F.2d 419 (1st Cir. 1991).

12.  This issue was recently analyzed by the United States District Court, District of New Hampshire, whereby the court examined the common law doctrine of *forum non conveniens*, as it was set forth by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). *Adam v. Haw. Prop. Ins. Ass'n*, 2005 U.S. Dist. LEXIS 4472, at *7 (D.N.H. Mar. 21, 2005). Although the *Gulf* case preceded the enactment of section 1404(a), the New Hampshire District Court citing from that case recognized that the common law doctrine was similar and the factors to be considered were identical.

> Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.
>
> \* \* \*
>
> Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other

forum untangle problems in conflict of laws, and in law foreign to itself.

13. Defendants also request that the Court consider the factual determinations made by Magistrate Judge Neiman in the very case, in ruling on the Defendant Seigler's Motion to Dismiss. Judge Neiman recognized that Massachusetts appears to have a marginal interest in adjudicating this dispute. Further the Judge Neiman acknowledged that the original complaint displays that the Plaintiffs' connections to this forum are "tenuous at best" since none of them are Massachusetts' corporations and/or no longer having their principal place of business in the State. (Judge Neiman's Report and Recommendation p. 18)

14. Additionally, Defendants contend that the Buyer Source Documents which will be relevant and material in this matter are in their entirety located in Virginia in the possession of the Defendant, Tom Brewer. Also numerous non-party witnesses, who were Buyers Source employees, will be necessary witnesses and are located in Virginia.

15. Although not dispositive to the transfer issue, the Defendants contend that Judge Neiman's analysis of the "gestalt factors" in determining "reasonableness" should more than justify the Court overcoming the general deference to a Plaintiff's choice of forum. Specifically, the Defendants, Lumpkin and Hudgins, as solo practitioners in Virginia, will be greatly burdened by having to defend these allegations in a far district forum, and that burden is unnecessary where Massachusetts' interest in the controversy is limited. Additionally, the Plaintiffs' claims would more effectively be addressed by the District Court in Norfolk, where the criminal case has been heard and would serve the judicial system's interest in obtaining an effective resolution.

16. Defendants contend that this case should be transferred because the aforementioned overwhelming factors indicate that Virginia is a more appropriate forum to address this controversy.

WHEREFORE, movants respectfully request that this Court enter an Order transferring this matter to the United States District Court for the Eastern District of Virginia, Norfolk Division for the aforementioned reasons.

DEFENDANTS,
JOHN C. LUMPKIN, ESQUIRE, JOHN C. LUMPKIN, P.C., STEPHEN A. HUDGINS, ESQUIRE, STEPHEN A. HUDGINS, P.C.,
By their attorneys,

George R. Moore, BBO #656102
DEVINE, MILLIMET & BRANCH, PA
300 Brickstone Square, 9th Floor
P.O. Box 39
Andover, MA 01810
(978) 475-9100

*Pro-Hac Vice Counsel*
Charles M. Lollar, VAB #17009
TANNER, MULKEY, GORDON & LOLLAR, PC
5700 Lake Wright Drive
Suite 102
Norfolk, Virginia 23502
(757) 274-7000

## Certificate Of Service

I hereby certify that a copy of the foregoing has this 23rd day of June, 2005 been forwarded by U.S. First Class Mail to:

Counsel for Plaintiffs:
Jeffrey L. McCormick, Esquire
Robinson Donovan, PC
1500 Main Street
PO Box 15609
Springfield, MA 01115
Tel: 413-732-2301

Counsel for William Gregory Seigler, Esquire:
Peter M. Durney, Esquire
Cornell & Gollub
75 Federal Street
Boston, MA 02110
Tel: 617-482-8100

Pro Hac Vice Counsel for William Gregory Seigler, Esquire:
Samuel Outten, Esquire
Womble, Carlyle, Sandridge & Rice
Poinsett Plaza, Suite 700
104 South Main Street
Post Office Box 10208
Greenville, SC 29603-0208
Tel: 864-255-5400

_____
George R. Moore, BBO# 656102