

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Litchfield Financial Corporation, Textron
Financial Corporation, Land Finance
Company,
        Plaintiffs,

04-CV-30076-KPN

v.

Buyers Source Real Estate Group, Buyers
Source Valley Group, LLC, Buyers Source
Sugarmill, LLC, Buyers Source, Savannah
Lakes, LLC, Thomas H. Brewer, Frederick D.
Blake, Betty M. Brewer, Susan Gard, Henry
Montgomery, Lannie Campbell, Ronald P.
Ferguson, Stephen A. Hugdins, Esquire,
Stephen A. Hudgins, PC, Hudgins &
Stallings, PC, J. Vance Stallings, Esquire,
John C. Lumpkin, Esquire, John C. Lumpkin,
PC, William Gregory Seigler, Esquire
        Defendants.

## DEFENDANT WILLIAM GREGORY SEIGLER'S LIMITED RESPONSE TO DEFENDANTS' JOINT MOTION AND MEMORANDUM TO TRANSFER PURSUANT TO 28 U.S.C. §1404(a)

The Defendant, William Gregory Seigler ("Seigler"), respectfully submits this Limited Response to the Joint Motion and Memorandum to Transfer Pursuant to 28 U.S.C. §1404(a) ("Joint Motion to Transfer") filed by Defendants John C. Lumpkin, Esquire, John C. Lumpkin, P.C., Stephen A. Hudgins, Esquire, and Stephen A. Hudgins, P.C.

Seigler respectfully states as follows:

1.     In August of 2004, Seigler filed a Motion to Dismiss or in the Alternative to Stay, ("Motion to Dismiss"), based on the Court's lack of personal jurisdiction over

him, the pendency of a prior state court action, and improper venue in the District of Massachusetts. United States Magistrate Judge Neiman heard oral arguments on November 8, 2004 and issued a Report and Recommendation on April 13, 2005 ("Report") recommending that Seigler's Motion to Dismiss be granted for lack of personal jurisdiction. In his Report, Judge Neiman ruled on the basis of the absence of personal jurisdiction and therefore did not address Seigler's arguments that venue in this Court is improper or that abstention is warranted in light of a pre-existing South Carolina State Court action. According to Judge Neiman, "these arguments, while persuasive, need not be addressed since personal jurisdiction over Seigler is lacking." See Report at p. 19, fn. 8. Seigler agrees with Judge Neiman's ruling and alleges that, in the absence of personal jurisdiction, a judge is without authority to rule on issues such as abstention or venue. Plaintiffs filed Objections to the Report on May 2, 2005. On May 19, 2005, Seigler filed his Reply to Plaintiffs' Objections. The parties are currently awaiting the Court's decision as to Judge Neiman's Report.

2. Seigler fully anticipates that the Court will adopt Judge Neiman's Report and that all claims against him in Massachusetts will therefore be dismissed. In that regard, Seigler would no longer be a party to this case and a formal Opposition to Defendants' Joint Motion to Transfer would therefore be both unnecessary and moot.

3. However, in an abundance of caution, Seigler submits this Limited Response in order to preserve his objections to the Joint Motion to Transfer in the event that the Court does not adopt Judge Neiman's recommendation. As set forth in the Motion to Dismiss, Seigler asserts that venue in this Court is improper. Likewise, venue in the Eastern District of Virginia, Norfolk Division, is improper. Seigler respectfully requests that he be permitted to address this issue and others raised by the Joint Motion to Transfer should Plaintiffs' claims against him not be dismissed as has been recommended by Magistrate Judge Neiman.

Respectfully Submitted,
Defendant,
William Gregory Seigler,
By his attorneys,

Peter M. Durney, BBO #139260
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
Telephone: (617) 482-8100

Samuel W. Outten (Fed. I.D. # 2943) *Pro Hac Vice*
WOMBLE CARLYLE SANDRIDGE & RICE
*A Professional Limited Liability Company*
Post Office Box 10208
Greenville, SC 29603-0208
Telephone: (864) 255-5421
Fax: (864) 239-5852

3

## CERTIFICATE OF SERVICE

I, Peter M. Durney, attorney for the defendant, William Gregory Seigler, hereby certify that on this 6th day of July, 2005, a true copy of the foregoing Defendant William Gregory Seigler's Limited Response to Defendants' Joint Motion and Memorandum to Transfer Pursuant to 28 U.S.C. §1404(a), was served via first class mail directed to:

Jeffrey L. McCormick, Esq.
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115

George R. Moore, Esq.
Devine, Millimet & Branch, PA
300 Brickstone Square, 9th Floor
P.O. Box 39
Andover, MA 01810

Lannie L. Campbell
One Harbor Court, #3D
Portsmouth, VA 23704

Ronald P. Ferguson
1501 Crystal Drive
Suite 230
Arlington, VA 22202

Betty M. Brewer
113 Northgate Lane
Suffolk, VA 23434

Henry Montgomery
396 Baldwin Drive
Howard, OH 43028-8044

Frederick D. Blake
705 Mobjack Place
Newport News, VA 23606

Thomas H. Brewer
113 Northgate Lane
Suffolk, VA 23434

James Edward Anklam, Esq.
Paul, Hastings, Janofsky & Walker, LLP
1299 Pennsylvania Avenue, NW
10th Floor
Washington, DC 20004

Christopher F. Dugan, Esq.
Paul, Hastings, Janofsky & Walker, LLP
1299 Pennsylvania Avenue, NW
10th Floor
Washington, DC 20004

Charles M. Lollar, Esq.
Tanner, Mulkey, Gordon & Lollar, P.C.
5700 Lake Wright Drive, Suite 102
Norfolk, VA 23502

_____
Peter M. Durney