FILED
IN CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

2005 JUL 11  P 2: 16

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| Litchfield Financial Corporation, *et al.*, | ) | |
| | ) | |
| ***Plaintiffs,*** | ) | |
| v. | ) | No. 04-CV-30076-MAP |
| | ) | |
| Buyers Source Real Estate Group, *et al.*, | ) | |
| | ) | |
| ***Defendants.*** | ) | |
| | ) | |

## PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER

Defendants John C. Lumpkin, John C. Lumpkin, P.C., Stephen A. Hudgins, and Stephen A. Hudgins, P.C., have moved for transfer pursuant to 28 U.S.C. § 1404(a). This Court is the forum where the disputes set forth in the Complaint should be adjudicated. First, as to some of the Defendants this forum is the venue required by a contractual choice of forum provision. The remaining Defendants, including the movants, knew of this forum choice provision and can hardly be surprised that Plaintiffs, in the interest of judicial efficiency and economy, have brought their action here. Movant Defendants have not met "their burden of showing that the proposed transfer is warranted." *Fairview Machine & Tool Co. v. Oakbrook Int'l, Inc.*, 56 F. Supp. 2d. 134, 142 (D. Mass. 1999) (Ponsor, J.). The motion for transfer should be denied.

## I.     BACKGROUND FACTS

During 1999 through 2001, individual defendants Thomas Brewer, Betty Brewer, Frederick Blake, Susan Gard, Henry Montgomery, Lannie Campbell affiliated with the Buyers Source entities (Buyers Source Valley Group ("BSVG"), Buyers Source Sugarmill ("BSS") and Buyers Source Savannah ("BSSL") and the Buyers Source Real Estate Group) (collectively, "Buyers Source Defendants") sought and obtained loans from Plaintiffs Land Finance Company ("LFC") and Litchfield Financial Corporation

("Litchfield Financial") on at least five occasions. LFC and Litchfield Financial were both headquartered in Williamstown, Massachusetts when the two Plaintiffs made the initial loan commitment decision and the periodic funding of the loan commitments.[1] The loans related to the land sales activities of BSVG in Ohio, to the land sales activities of BSSL in South Carolina, and to the land sales activities of BSS in Florida. Most of the loan documents included a choice of forum clause designating the federal court in Massachusetts or the courts of the Commonwealth of Massachusetts as the forum for adjudicating disputes concerning the loans. Complaint ¶ 26. In addition, Defendants Thomas Brewer, Betty Brewer, and Frederick Blake provided guarantees to the Plaintiffs concerning most or all of those same loans Most of those guarantees also contained forum choice provisions identifying Massachusetts as the relevant forum. Complaint ¶ 27. The loan documents with choice of forum provisions also contained choice of law provisions identifying Massachusetts as the governing law for the contracts.

As part of their efforts to induce the Plaintiffs to make five different loan transactions, the Buyers Source Defendants represented that the operations of the three Buyers Source entities complied with all federal and state laws. *E.g.*, Complaint ¶¶ 34, 51-57. As further support for these representations, the three Buyers Source entities and the guarantors (the Brewers and Blake) arranged for the Counsel Defendants (Messrs. Seigler, Lumpkin, Hudgins, and John C. Lumpkin P.C. and Stephen A. Hudgins, P.C. and Hudgins & Stallings, P.C.) to provide legal opinions to Litchfield Financial and LFC in Massachusetts that reiterated that the Buyers Source entities were in full compliance with federal and state law and regulations. Complaint ¶¶ 36-42. Plaintiff Litchfield Financial and LFC relied upon those opinions in Massachusetts when deciding to proceed with funding the loan transactions with the Buyers Source entities and to accept the guarantees from the Brewers and Blake. Complaint ¶¶ 36-42.

---

[1] In 2004, Litchfield Financial, a Massachusetts corporation, and LFC, a Delaware corporation, relocated their headquarters to Providence, Rhode Island.

2

In August 2003, the U.S. Department of Housing and Urban Development filed a lawsuit against the Buyers Source entities and various individuals affiliated with Buyers Source, asserting that the land sales practices of the Buyer Source entities were in violation of federal law, notably the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701-1720, (the "Land Sale Act") and regulations thereunder, 24 C.F.R. § 1710.1-1220.635.  Complaint ¶ 2.  In July 2004, the Buyers Source individual defendants settled with HUD.

One of the requirements of the Land Sales Act is that the developer register the development with HUD before commencing land sales activities. *E.g.*, 24 C.F.R. §§ 1710.3, 1710.20.  None of the three Buyers Source entities complied with this federal requirement.  Counsel Defendants could have learned of the failure to comply with this basic requirement by asking HUD whether the developments were registered.  It appears that the Counsel Defendants failed to take even this minimal step before providing legal opinions affirming that the Buyers Source entities were in compliance with all federal laws and regulations.

Plaintiffs commenced this comprehensive action in April 2004 against the Buyers Source entities, the individuals affiliated with Buyers Source, and the counsel who provided legal opinions that falsely stated that Buyers Source was in compliance with federal law and regulations.  Plaintiffs brought the action in this Court because the choice of forum provision required any action to be brought in a Massachusetts court (state or federal) against certain of the defendants.  The provisions identifying Massachusetts law as the governing law also favored use of a court in Massachusetts.  Thus, it made the most sense to proceed against all the defendants in one forum instead of piecemeal throughout the United States.

**II.    THIS COURT IS THE ONE FORUM THAT CAN RESOLVE ALL THE CLAIMS IN THIS MATTER EFFICIENTLY AND WITHOUT A WASTE OF JUDICIAL RESOURCES**

**A.    The Law Governing 1404(a) Transfer Motions**

For purposes of a transfer motion pursuant to 28 U.S.C. § 1404(a), "'[a] presumption in favor of the plaintiff's choice of forum exists, and the burden of proving that a transfer is warranted rests with the defendant.'" *Fairview Machine & Tool*, 56 F. Supp. 2d at 141 (quoting *Brookfield Machine, Inc. v. Calbrit Design*, 929 F. Supp. 491, 501 (D. Mass. 1996)(citations omitted)). The factors to consider include convenience of the parties and witnesses, the availability of documents, and the interests of justice. *Fairview Machine & Tool*, 56 F. Supp. 2d at 141 (quoting *Brookfield Machine*). A choice of forum clause is a "significant factor that figures centrally in the district court's calculus [under §1404(a)]." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) Courts have recognized that enforcement of choice of forum clauses is a relevant factor to consider even when not all the parties to the lawsuit were parties to the contracts that contain choice of forum provisions. *Detroit Coke Corp. v. NKK Chemical USA, Inc.*, 794 F. Supp. 214 (E.D. Mich. 1992) (transferring case to forum because of choice of forum clause though one party was not bound by the choice of forum clause).

**B.    Movants Fail To Meet Their Burden Of Proving That A Transfer Is Warranted.**

A proper examination of the relevant factors in this case demonstrate that a § 1404(a) transfer is not warranted. First, as to the Buyers Source entity Defendants, the Brewers, and Blake, the enforceable forum selection clause is a significant factor favoring this forum. *Stewart Org.* Second, as to the other Buyers Source-related individual Defendants, the Complaint alleges that they participated in the Buyers Source efforts in this forum to cause the five loans to be funded by the Plaintiffs in this forum. Complaint ¶¶28, 34-35. The movants cannot deny that these defendants attended meetings in Massachusetts as well as contacted the Plaintiffs in Massachusetts in order to induce the Plaintiffs to fund the loans from Massachusetts. Finally, the movants do not deny that they sent their multiple legal opinion letters to the

4

Plaintiffs in Massachusetts as well. There are ample factual allegations to support venue in this court

pursuant to because "a substantial part of the events or omissions giving rise to the claim occurred" here.

28 U.S.C. § 1391(a)(2). Thus, Plaintiffs' decision to bring the action in this District is a proper venue

choice that this Court should accord "great weight." *Fairview Machine & Tool*, 56 F. Supp. 2d at 141

(quoting *Brookfield Machine*, 929 F. Supp. at 501 (quoting *Home Owners Funding Corp. of Amer. v.*

*Century Bank*, 695 F. Supp. 1343, 1347 (D. Mass. 1988)).

Movants seek to have the case sent to the Eastern District of Virginia. Granting such a request

apparently would require the trifurcation of the action. The claims against the Buyers Source entities, the

Brewers, and Mr. Blake must remain in this Court given the valid and enforceable choice of forum

clauses in the loan documents and the guarantees. *See* Complaint ¶¶ 26-27. Because the movants fail to

attack those clauses in their motion, they have conceded that those clauses are enforceable by their terms.

The movants also fail to explain why Plaintiffs' claims against the other Buyers Source-related individual

Defendants (Ms. Gard, Messrs. Montgomery, Campbell, and Ferguson) should not be tried in this forum.

Those individuals came to this jurisdiction, including by directing communications multiple times to the

Plaintiffs in this forum. Again, the movants' failure to contest those allegations concedes the point, so the

action against those Defendants should remain in this forum. Mr. Seigler's Limited Response, at 3,

contends that venue in Virginia is improper as to him.[2] Although Mr. Seigler does not specify a proper

venue, one assumes he would have to concede that South Carolina would be a proper venue for him

because he is a resident of that state. Thus, the outcome of granting the movants' request would be to

send part of the case to Virginia, to keep part of the case in Massachusetts, and possibly to send part of

the case to South Carolina. Such a result would hardly promote judicial economy or the interests of

---

[2] Mr. Seigler asserts that this Court lacks jurisdiction over him. Plaintiffs disagree. Plaintiffs' Objection to the Magistrate Judge's Report and Recommendation.

justice. Indeed, one can quickly foresee that attempting to coordinate discovery issues among three federal courts will vastly expand the difficulties of litigating the actions.

Movants ask the Court to speculate about the availability of witnesses as a grounds for their motion. Yet they offer no affidavits or declarations in support of their contention that more witnesses would be available in Virginia than in Massachusetts. In addition, movants fail to even consider the location of Plaintiffs' witnesses. For example, former employees of the Plaintiffs who were involved in the communications with the Buyers Source Defendants about the loans and guarantees (Messrs. James Thurston, Robert Mole, Ms. Barbara O'Neill) or who received and relied upon the Counsel Defendants' opinion letters (Ms. Kim Matthews) reside in this District and thus can be compelled to provide live testimony at trial only in this District. In view of the movants utter lack of support for their assertions concerning witness availability, there is "no meaningful basis to conclude that one side will be more inconvenienced than the other" with regard to witness availability. *Fairview Machine & Tool*, 56 F. Supp. 2d at 141-42.

Movants also contend that the HUD lawsuit in the Eastern District of Virginia, which terminated in July 2004, makes that forum preferable. As that action has terminated, however, there is no efficiency to be gained by proceeding in that forum instead of Massachusetts, the forum chosen by some of the defendants. Any documentary discovery materials can be copied and used here. In this era of readily available copying facilities, the location of documents rarely affects a transfer motion. *See Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 21 (D. Mass. 1991) (recognizing document copying technology makes location of documents an insignificant factor).

Due consideration being given to the "great weight" given to Plaintiffs' forum choice, *Fairview Machine & Tool*, to the "significant factor" of the choice of forum provision, *Stewart Org.*, to the equipoise on the witness availability issue, *Fairview Machine & Tool*, and to the inefficiency and trouble

6

caused to the judicial system by piecemeal transfer of this action, movants entirely fail to carry their

burden of proving that transfer should be granted.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs oppose the motion to transfer and request that it be denied.

### REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request oral argument on the defendants' motion and this opposition.

Dated: July 11, 2005

Respectfully submitted,
Counsel for Plaintiffs

LITCHFIELD FINANCIAL COMPANY
TEXTRON FINANCIAL CORPORATION
AND LAND FINANCE COMPANY

By: _____
Jeffrey L. McCormick, Esq.
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301   Fax (413) 785-4658
BBO No. 329740

Counsel for Plaintiffs

Of Counsel:
Christopher F. Dugan
James E. Anklam
Jeremy P. Evans
Paul, Hastings, Janofsky& Walker, LLP
875 15th Street, NW
Washington, DC 20005
(202) 551-1700  (202) 551-0155 (fax)

WDC/312597.1

### CERTIFICATE OF SERVICE

**I hereby certify that on this day a true copy of
the above document was served upon the
attorney of record for each party by mail/by hand.**

Date: _____July 11, 2005_____ _____

7