```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS


LITCHFIELD FINANCIAL          )
CORPORATION, ET AL,           )
      Plaintiffs              )
                              )
              v.              )   C.A. NO. 04-30076-MAP
                              )
BUYERS SOURCE REAL ESTATE     )
GROUP, ET AL,                 )
      Defendants              )
```

### MEMORANDUM AND ORDER REGARDING REPORT AND RECOMMENDATION WITH REGARD TO DEFENDANT SEIGLER'S MOTION TO DISMISS
(Docket Nos. 53 & 25)

September 8, 2005

PONSOR, D.J.

This lawsuit, against numerous defendants, arises from a complex land financing dispute. One of the defendants, William Seigler, a lawyer in solo practice in the state of South Carolina, filed a Motion to Dismiss based upon lack of personal jurisdiction. The motion was referred to Magistrate Judge Kenneth P. Neiman who, on April 13, 2005, issued his Report and Recommendation, to the effect that the defendant's motion should be allowed on the ground that exercise of personal jurisdiction in this instance would violate due process. Plaintiff has duly objected.

Upon de novo review, this court will adopt Magistrate Judge Neiman's Report and Recommendation and will allow the

defendant Seigler's Motion to Dismiss.  The Magistrate Judge corrected concluded that, although the defendant's actions might superficially satisfy the requirements of Mass. Gen. Laws ch. 223A, § 3(a), the evidence of record is simply insufficient on its face to support any conclusion that the defendant "purposely availed" himself of the jurisdiction of the Commonwealth of Massachusetts.

The facts of this case are similar to those of <u>Bond Leather Co. v. Q.T. Shoe Mfg. Co.</u>, 764 F.2d 928, 932-33 (1st Cir. 1985), where the Court of Appeals found that contacts were insufficient to satisfy Constitutional due process requirements, even though they may have been enough to justify invocation of the state's Long Arm statute.  <u>See also</u>, <u>Phillips Exeter Acad. v. Howard Phillips Fund, Inc.</u>, 196 F.3d 284, 292 (1st Cir. 1999) ("Without evidence that the defendant actually reached out to the plaintiff's state of residence to <u>create</u> a relationship -- say, by solicitation -- the mere fact that the defendant willingly entered into a tendered relationship does not carry the day.")(citation omitted).

Plaintiff's request, following the Magistrate Judge's adverse recommendation, for an opportunity to take jurisdictional discovery of the defendant Seigler is untimely; moreover, plaintiff has not demonstrated a

reasonable likelihood that facts sufficient to anchor jurisdiction would be unearthed.

Based on the foregoing, the Report and Recommendation of Magistrate Judge Kenneth P. Neiman dated April 13, 2005, upon <u>de</u> <u>novo</u> review, is adopted and the defendant Seigler's Motion to Dismiss (Docket No. 25) is hereby ALLOWED. The court has, by separate marginal notation, denied the motion of the remaining defendants to transfer this case to the Eastern District of Virginia. The clerk is ordered to refer this matter to the Magistrate Judge for a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16.

It is So Ordered.

<pre>
                              /s/ Michael A. Ponsor
                              MICHAEL A. PONSOR
                              U. S. District Judge
</pre>