UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Litchfield Financial Corporation, Textron
Financial Corporation, Land Finance
Company,                                             04-CV-30076-MAP
                Plaintiffs,

v.

Buyers Source Real Estate Group, Buyers
Source Valley Group, LLC, Buyers Source
Sugarmill, LLC, Buyers Source, Savannah
Lakes, LLC, Thomas H. Brewer, Frederick D.
Blake, Betty M. Brewer, Susan Gard, Henry
Montgomery, Lannie Campbell, Ronald P.
Ferguson, Stephen A. Hudgins, Esquire,
Stephen A. Hudgins, PC, Hudgins &
Stallings, PC, J. Vance Stallings, Esquire,
John C. Lumpkin, Esquire, John C. Lumpkin,
PC, William Gregory Seigler, Esquire
                Defendants.

## DEFENDANT WILLIAM GREGORY SEIGLER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT AND REQUEST FOR HEARING

The Defendant William Gregory Seigler ("Seigler") submits this memorandum of law in support of his Motion for Entry of Separate and Final Judgment. In further support of his motion, Seigler states as follows.

### I.    STATEMENT OF FACTS

The present action arises out of a series of financing arrangements entered into by plaintiffs through which they provided financing to various entities/persons. The plaintiffs are Litchfield Financial Corporation ("Litchfield"), a Massachusetts corporation, Litchfield's parent

1

Textron Financial Corporation ("Textron"), a Delaware corporation, and Land Finance Company, an affiliate of Textron and also a Delaware Corporation. Plaintiffs filed suit in the United States District Court for the District of Massachusetts, Western Division, on April 16, 2004 against various persons and entities, including Seigler.

Seigler is an attorney licensed to practice law in the State of South Carolina. He provided legal services to Buyers Source, Savannah, LLC ("Buyers Source") in connection with Buyers Source's purchase of real estate in the Savannah Lakes development. Buyers Source, a defendant in this matter, received financing from Land Finance Company to fund the purchase of property at this development. In connection with this financing, Mr. Seigler was asked to provide certain opinions related to Buyers Source and its engaging in the proposed transactions. Mr. Seigler provided opinion letters. As to their claims against Seigler, plaintiffs allege that they relied upon the opinions provided by him in entering into the transactions and that his opinions were erroneous.

On August 17, 2004, Seigler filed a Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b).[1] The Court heard oral arguments on November 8, 2004 and issued a Report and Recommendation on April 13, 2005 recommending the granting of Seigler's Motion to Dismiss ("Report") because personal jurisdiction over him was lacking.[2] The Plaintiffs filed objections to the Report on May 2, 2005. Seigler filed a Reply to the Plaintiffs' Objections to the Report and Recommendation on May 19, 2005.

---

[1] The Motion also raised arguments of improper venue and federal abstention.

[2] Magistrate Judge Neiman did not reach Seigler's arguments with respect to venue and abstention.

2

On September 8, 2005, U.S. District Judge Michael A. Ponsor adopted Magistrate Judge Neiman's Report and Recommendation and allowed Seigler's Motion to Dismiss. Although this matter involves multiple claims and multiple defendants, as a result of the allowance of Seigler's motion, no claims remain against Seigler.

**II.     ARGUMENT**

Seigler contends that there is no just reason to delay the entry of a separate and final judgment because: (1) there are no claims remaining against him since personal jurisdiction is lacking; (2) the issues remaining in the case do not overlap with those decided by Seigler's Motion to Dismiss, and there is no significant risk of duplicative appeal; and (3) fundamental fairness dictates that separate and final judgment be entered for Seigler, so that he may close his involvement in this case with finality and avoid additional unnecessary expense.

**A.     Rule 54(b) allows for entry of a separate and final judgment with respect to Defendant Seigler.**

Under Federal Rule of Civil Procedure 54(b), the entry of a separate and final judgment is specifically allowed in cases involving multiple claims and/or multiple parties pursuant to a Rule 54(b) certification, which requires "an express determination that there is no just reason for delay and [] an express direction for the entry of judgment." Fed.R.Civ.P. 54(b). Rule 54(b) "was adopted because of the potential scope and complexity of civil actions under the federal rules, given their extensive provisions for the liberal joinder of claims and parties." 10 Wright, Miller & Kane, Federal Practice and Procedure §2654, at 33 (1998 & 2005 Supp.).

"When considering the wisdom of Rule 54(b) certification in a given case, the trial court must first assess the finality of the disputed ruling." Spiegel v. The Trustees of Tufts College, 843 F.2d 38, 42 (1st Cir. 1988) (citations omitted). "Once the finality hurdle has been cleared, the district court must determine whether, in the idiom of the rule, 'there is no just reason for delay' in entering judgment." Id. at 43. The process of determining which "final decisions in a multi-claim action should be sent upstairs immediately and which withheld pending resolution of the entire controversy [], tilted from the start against fragmentation of appeals, is necessarily case-specific." Id. "It entails an assessment of the litigation as a whole, and a weighing of all factors relevant to the desirability of relaxing the usual prohibition against piecemeal appellate review in the particular circumstances." Id.

The following factors provide a helpful guide in making the determination that judgment should enter as to less than all defendants: "(1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expenses, and the like." National Gypsum Company v.

4

Continental Brands Corp., 895 F.Supp. 328, 344 (D.Mass. 1995) (citing Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360, 364 (3rd Cir. 1975)).[3]

Where a defendant has been dismissed for lack of personal jurisdiction, these factors weigh heavily in favor of entering final judgment. See, e.g., National Gypsum, 895 F.Supp. at 344.

If a district court "concludes that entry of judgment under Rule 54(b) is appropriate, it should ordinarily make specific findings setting forth the reasons for its order." Spiegel, 843 F.2d at 43 (citations omitted). Under certain circumstances, the situation presents such a clear case for the entry of judgment that specific findings are not even required. See, e.g., Feinstein v. Resolution Trust Corp., 942 F.2d 34, 39 (1st Cir. 1991) (noting, where the district court failed to make specific findings to support its entry of a separate and final judgment, that the case was one where "'compelling considerations [favoring the entry of an earlier-than-usual judgment] [were] self-evident on the face of the record.'" (citation omitted)); see also Pahlavi v. Palandjian, 744 F.2d 902, 905 (1st Cir. 1984) (stating that "[w]e do not impose a rigid requirement on the district court to prepare a written statement in every case to justify its Rule 54(b) actions. However, in cases where the claims appear to be so closely related[], a statement of the district court[] is clearly most helpful if not indispensable to an intelligent appellate review...."). However, "[w]hen the district court provides a sufficient written statement of the grounds for certification

---

[3] Although not relevant to the present analysis, Seigler acknowledges that there is uncertainty as to the continued validity of certain of the Allis-Chalmers factors in light of the United States Supreme Court decision in Curtiss-Wright Corporation v. General Electric Company, 446 U.S. 1 (1980), wherein it disagreed with the Third Circuit's conclusion, which was based upon Allis-Chalmers, that the possibility of a set-off and the presence of non-frivolous counterclaims prevented Rule 54(b) certification. Nonetheless, Allis-Chalmers provides "a general compendium, helpful as a guide." Spiegel v. Trustees of Tufts College, 843 F.2d 38, 43 (1st Cir. 1988).

[] [the Court of Appeals] will dismiss for lack of appellate jurisdiction only if the court's certification was 'clearly unreasonable.'" Credit Francais International, S.A. v. Bio-Vita, LTD., 78 F.3d 698, 706 (1st Cir. 1996).

### B. There is no just reason for delay under Fed.R.Civ.P. 54(b).

The Court's finding of lack of personal jurisdiction disposes of all claims pending against Seigler. In light of the fact that Seigler has not asserted any cross-claims or counterclaims in this action, this is not a case where "the contestants on appeal remain, simultaneously, contestants below." Spiegel, 843 F.2d at 44. Entry of final judgment is therefore appropriate to avoid the hardship that would result from delaying judgment. Seigler is a solo practitioner from South Carolina with no ties to Massachusetts. He should not be required to monitor the progress of the case through local counsel over the next two to three years. Significant sums have already been expended in having the claims against Seigler dismissed, and substantial additional expense would be incurred were Seigler required to monitor the case over the next few years pending final adjudication. Since personal jurisdiction is lacking, it would be unjust to delay the entry of judgment.

There is no significant risk of duplicative appeals. Entering judgment now "creates no danger that the Court of Appeals will have to consider the same issue twice," National Gypsum, 895 F.Supp. at 344, since the issue of personal jurisdiction is specific as to Seigler. This is not a case where "substantial interdependence and overlap between pending and dismissed claims" weigh against the entry of judgment or where subsequent district court proceedings could render superfluous interim appellate review. Compare Credit Francais, 78 F.3d at 707-08; see also

Spiegel, 843 F.2d at 45. As such, there is little possibility that the need for review would be mooted by future developments in the District Court. In fact, entering judgment now would "facilitate the rapid prosecution of any appeal so that if th[e dismissal of Seigler from the action] is reversed, the claims against [him] are more likely to be resolved in the same time frame as the claims against the other defendants in this action ...." National Gypsum, 895 F.Supp. at 344.

Since personal jurisdiction is lacking, there is no just reason for delay in entering judgment. See National Gypsum, 895 F.Supp. at 342, 344. Fundamental notions of fairness dictate that Seigler be dismissed from this case with finality without incurring further unnecessary expense. Entering judgment as to Seigler would further the "basic purpose of Rule 54(b) [] to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all the parties until the final adjudication of the entire case by making an immediate appeal available." 10 Wright, Miller & Kane, Federal Practice and Procedure §2654, at 33 (1998 & 2005 Supp.).

Although this defendant acknowledges that the First Circuit disfavors partial judgments, see, e.g., Santini Rivera v. Santon, 118 F.Supp.2d 159, 165 n.7 (D.P.R. 2000) (noting, where the Court found that personal jurisdiction was lacking, that it "will refrain from issuing a partial judgment at this time [as t]he First Circuit strongly disfavors partial judgments ...."), Seigler submits that this is "the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Spiegel, 843 F.2d at 42 (quoting Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981)).

### III. <u>CONCLUSION</u>

WHEREFORE, Defendant William Gregory Seigler prays that this Court allow his Motion for Entry of Separate and Final Judgment by making an express determination that there is no just reason for delay and making specific findings setting forth the reasons for its Order.

Respectfully Submitted,
Defendant,
William Gregory Seigler,
By his attorneys,

Peter M. Durney, Esq., BBO #139260
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
Telephone: (617) 482-8100

Samuel W. Outten (SC Bar # 4295) *Pro Hac Vice*
WOMBLE CARLYLE SANDRIDGE & RICE
*A Professional Limited Liability Company*
Post Office Box 10208
Greenville, SC 29603-0208
Telephone: (864) 255-5421
Fax: (864) 239-5852

CERTIFICATE OF SERVICE

     I, Peter M. Durney, attorney for the defendant, William Gregory Seigler, hereby certify that on this ___ day of December, 2005, a true copy of the foregoing Defendant William Gregory Seigler's Memorandum of Law in Support of His Motion for Entry of Separate and Final Judgment and Request for Hearing, was served via first class mail, directed to:

Jeffrey L. McCormick, Esq.
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115

James E. Anklam, Esq.
Christopher F. Dugan, Esq.
Paul, Hastings, Janofsky & Walker, LLP
1299 Pennsylvania Ave., 10th Floor
Washington, DC 20004

George R. Moore, Esq.
Devine, Millimet & Branch, PA
300 Brickstone Square, 9th Floor
P.O. Box 39
Andover, MA 01810

Charles M. Lollar, Esq.
Tanner, Mulkey, Gordon & Lollar, P.C.
5700 Lake Wright Drive, Suite 102
Norfolk, VA 23502

Ronald P. Ferguson
20726 NW 29th Ave.
Boca Raton, FL 33434

Thomas H. Brewer
113 Northgate Lane
Suffolk, VA 23434

Betty M. Brewer
113 Northgate Lane
Suffolk, VA 23434

Frederick D. Blake
705 Mobjack Place
Newport News, VA 23606

Lannie L. Campbell
One Harbor Court, #3D
Portsmouth, VA 23704

Henry Montgomery
396 Baldwin Drive
Howard, OH 43028-8044

_____
Peter M. Durney