IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| Litchfield Financial Corporation, *et al.*,  )<br>)<br>*Plaintiffs*  )<br>v.  )<br>)<br>Buyers Source Real Estate Group, *et al.*,  )<br>)<br>*Defendants*  )<br>) | No. 3:04-cv-30076-MAP |

**PLAINTIFFS' REPORT
PURSUANT TO THE COURT'S ORDER OF NOVEMBER 2, 2006**

On November 2, 2006, this Court ordered "[b]y no later than December 4, 2006, counsel shall file a report with the court regarding the status of the remaining stayed defendants." This Plaintiffs' Report is the response to that Order.

On August 3, 2004, the United States District Court for the Eastern District of Virginia entered its Order Appointing Receiver in *Jackson v. Buyers Source Sugarmill, LLC, et al.*, 2:03cv591 ("Receiver Order"). Paragraphs 12 and 14 of the Receiver Order stayed, restrained, and enjoined creditors and claimants from pursuing claims against "Receivership Defendants" "during the pendency of the Receivership" established by the Receiver Order. (A copy of the entire Receiver Order is attached as Exhibit A hereto.) The term "Receivership Defendants" as defined in Receiver Order ¶ 1 includes six individuals who are defendants in this action pending in this court: Mr. Thomas Brewer, Mrs. Betty Brewer, Mr. Frederick Blake, Ms. Susan Gard, Mr. Henry Montgomery, and Mr. Lannie Campbell. *See also* this Court's Order of November 9, 2004 (recognizing the effect of the Receiver Order).

The term "Receivership Defendants" in the Receiver Order also includes three of the four corporate defendants in this action (Buyers Source Sugarmill, LLC, Buyers Source Valley Group, LLC; Buyers Source Savannah Lakes, LLC) because the Eastern District of Virginia Court had ordered each of those three entities to disgorge profits to the Receiver. (E.D. Va. Order entering judgment in default (entered July 12, 2004)). Plaintiffs' counsel understands that, as part of the Receivership proceedings, the Receiver has liquidated all four corporate entities that are named defendants in the case pending in this Court.

The Receiver Order does not expressly provide a termination date for the Receivership. None of the filings made by the Receiver to date in the federal court in Virginia have indicated an expected termination date for the Receivership. One of plaintiffs' counsel recently had a conversation with the Receiver who indicated that she does not have an expected date for termination of the Receivership.

Plaintiffs' counsel also inquired of the Receiver whether it might be possible to lift the stay/injunction in the Receiver Order to allow plaintiffs to pursue their claims against the six individual defendants in this action. The Receiver has taken that request under advisement and is considering it. If the Receiver is willing to consent to or not oppose a lifting of the stay/injunction, plaintiffs intend to seek such relief from the federal court in Virginia so they can resume prosecuting their action in this lawsuit. Plaintiffs will keep this court apprised of their future steps taken in federal court in Virginia.

Plaintiffs' counsel are available to respond to any further questions this Court may have.

2

Dated: December 4, 2006

Respectfully submitted,

Counsel for Plaintiffs

LITCHFIELD FINANCIAL COMPANY

TEXTRON FINANCIAL CORPORATION

AND LAND FINANCE COMPANY


By:     */s/ Jeffrey L. McCormick*

Jeffrey L. McCormick, Esq. of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301   Fax (413) 785-4658
BBO No. 329740


**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 4, 2006.

                                                                     */s/ Jeffrey L. McCormick*

LEGAL USE 73521518.1

3